# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CARLOS VEGA, et al. | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| *Defendants.* | : | NO.   19-4039 |

| MICHELLE T. SEIDNER | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| *Defendants.* | : | NO.   19-4338 |

## MEMORANDUM

PRATTER, J.                                                                                                                             February 14, 2020

Three former prosecutors who were removed from their positions as Philadelphia assistant district attorneys have sued the City and Lawrence Krasner. They each allege that the termination of their employment, on the basis of their age, immediately after Mr. Krasner formally became Philadelphia's District Attorney, violated the federal Age Discrimination in Employment Act, 29 U.S.C. §623(a), and the Pennsylvania Human Relations Act, 43 P.S. §951, *et seq.*[1] A fourth person who was removed as the Director of Victim Witness Services Unit brought a different suit, also against the City and Mr. Krasner, one for age and race discrimination, invoking Title VII,

---

[1]   These three Plaintiffs are litigants in actions pending before this Court, as captioned above. In addition to the claims brought pursuant to these federal and state statutes, Ms. Seidner also pursues claims pursuant to 41 U.S.C. §1983 and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code §9-1101, *et seq.*

42 U.S.C. §§1981 and 1983, and the Philadelphia Fair Practices Ordinance, in addition to the ADEA and PHRA.[2] Thus, at this time, there are three suits by four former employees of the City's District Attorney's Office, represented by three different law firms, against the City and Lawrence Krasner. Currently, both Defendants are represented by the same lawyers in the City's Division of Labor and Employment in the Law Department.

On January 30, 2020, the Deputy City Solicitor, who appears to be in the lead defense role, filed, in all three of the cases, a Motion to Consolidate the cases. Plaintiffs Vega and Whitehead, in Civil Action No. 19-4039, and Plaintiff Seidner in Civil Action No. 19-4338, through their counsel, oppose the intended full reach of the Motion in which defense counsel invokes Rule 42(a) of the Federal Rules of Civil Procedure. Although not specifically mentioned by defense counsel, this District's Local Rule 40.1 also relates to possible consolidation of cases.

Before addressing the substance or merits of the Motion, the Court is compelled to comment on another matter related to it. More problematic than the defense overlooking the pertinent local rule is the complete failure of the Defendants to recount or acknowledge, in any way in the pending consolidation effort, the defense's prior unsuccessful effort to persuade this Court or the Court presiding over the third case to consolidate the three suits. To remind the Defendants, by letter of October 8, 2019, the same Deputy City Solicitor endeavored to enlist this District's Chief Judge to confer directly with counsel to discuss consolidation even though the issue of consolidation is actually and only a matter in the first instance for the sound discretion of the *presiding* trial court, i.e., here, the two judges on whose dockets these three cases are. The pending Motion to Consolidate also does not acknowledge that the District's Chief Judge, by letter of October 9, 2019, declined the defense request to confer about consolidation. The Motion to

---

[2] This other case, captioned Tami Levin v. City of Philadelphia, et al., Civil Action No. 19-3149, is pending on the docket of the Honorable Eduardo C. Robreno.

Consolidate likewise does not disclose that this Court conducted an in-Chambers, in-person initial pretrial conference in the two cases captioned above on October 10, 2019. During that conference the issue of consolidation of or among some or all of the three cases was discussed at considerable length. As counsel ought to recall, (and ought to have disclosed in this pending motion), the Court very clearly stated that the Court declined to consolidate the cases. The Court was equally direct in expressing the expectation that all counsel (including, hopefully, Plaintiff's counsel in the *Levin* case pending before Judge Robreno) would be mindful of, each work sensibly and in a professional manner toward, the goals of co-operation, economy and efficiency to the extent feasible concerning discovery. As an example, the Court suggested that the scheduling of depositions of Defendants and for defense affiliates and witnesses might well lead to a balancing of longer-lasting depositions but that would be the result of having one longer deposition attended and participated in by all Plaintiff's counsel at that single session.[3] At the time of the pretrial conference, all of the lawyers in the two suits (*Vega* and *Seidner*) assured this Court that they understood the Court's views and expectations on this point. Hence the Court's great surprise and disappointment that nowhere in the pending Motion to Consolidate is there any mention of the pretrial conference, of the Court's admonition, of the lawyers' embrace of the Court's guidance or, indeed, of any failure by any lawyer to follow it.

Even while recognizing, as they must, that the matter of consolidation is left to the Court's discretion, the Defendants make passing references to the notion of judicial convenience, when the actual "basis" for the Motion (as it was at the initial pretrial conference in October) really seems to be the Defendants' concern for defense convenience. And, yet, no bedeviling by Plaintiffs of Defendants is actually documented. As a matter of fact, that the defense has its preferred

---

[3] This Court is disinclined to assume the role of scheduler unless and until the lawyers prove unable or unwilling to work together for their and their respective clients' benefits.

3

arguments ready to repeat in each case is fine, but that does not mean that each case mirrors the others.

Indeed, even if they did, consolidation may well not be effectuated. Just looking at the surface of the cases, the *Vega* and *Seidner* cases concern age discrimination claims by attorneys. The *Levin* case is a case by a non-lawyer pursuing age and race discrimination claims. Each Plaintiff has his or her own history in the D.A.'s office. Months' worth of discovery in the various cases has been underway. To the extent there are overlapping factual issues relating to the claims and cases by Messrs. Vega and Whitehead and Ms. Seidner, their lawyers have stated clearly that they are satisfied to coordinate their discovery efforts, thus ameliorating concerns ostensibly troubling the Defendants. That, of course, will be to everyone's benefit. And because Ms. Seidner's counsel is the same counsel as represents Ms. Levin in the third case which is presided over by a different judge, this Court – and the *Levin* court no doubt as well – is confident that counsel will pursue pretrial activities as co-ordinated with each other as possible, consistent with their professional obligations to their various clients. In other words, the Court believes none of the lawyers in these cases wants or intends to spend either time or money that they know need not be.

If that judicial confidence proves to be misplaced, no doubt the Court will hear about it. The Motions to Consolidate filed in the two captioned cases will be denied.

BY THE COURT:

/s/ Gene E.K. Pratter
THE HONORABLE GENE E.K. PRATTER
United States District Court Judge