# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS VEGA** and **JOSEPH WHITEHEAD, JR.** | : : : : | **CIVIL ACTION** **NO. 19-4039** |
| Plaintiffs, v. | : : : : | **JURY TRIAL DEMANDED** |
| **CITY OF PHILADELPHIA** and **LAWRENCE S. KRASNER** Defendants. | : : : : : | |

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff Carlos Vega's Motion for Leave to Amend Plaintiffs' Pretrial Memorandum to List Additional Trial Exhibits, and any response thereto of Defendants, it is hereby **ORDERED** and **DECREED** that Motion be and the same is hereby **GRANTED**. **IT IS FURTHER ORDERED** within seven (7) days of the filing of this Order, Plaintiff Vega may file an amendment to Plaintiffs' Pretrial Memorandum which lists, as additional trial exhibits, the seven performance appraisals identified in Plaintiff Vega's Motion, which were requested by Plaintiff Vega in discovery and not produced by Defendant City of Philadelphia until March 18, 2021.

BY THE COURT:

_____
GENE E. K. PRATTER, U.S.D.J.

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS VEGA** | : | CIVIL ACTION |
| and | : | |
| **JOSEPH WHITEHEAD, JR.** | : | NO. 19-4039 |
| | : | |
| Plaintiffs, | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| and | : | |
| **LAWRENCE S. KRASNER** | : | |
| Defendants. | : | |

## PLAINTIFF CARLOS VEGA'S MOTION FOR LEAVE TO AMEND PLAINTIFFS' <u>PRETRIAL MEMORANDUM TO LIST ADDITIONAL TRIAL EXHIBITS</u>

Pursuant to Local Rule of Civil Procedure 7.1, Plaintiff Carlos Vega ("Plaintiff Vega") hereby moves the Court for an Order allowing him to amend Plaintiffs' Pretrial Memorandum to list, as additional trial exhibits, seven performance appraisals of Plaintiff Vega that were prepared during his employment with Defendant City of Philadelphia (the "City"); were requested in discovery by Plaintiff Vega on October 22, 2019; and were not produced by Defendant City of Philadelphia until March 18, 2021. In support of this Motion, Plaintiff Vega relies upon the accompanying Brief.

                                       Sidkoff, Pincus & Green, P.C.

                    By: <u>/s/ Robert A. Davitch</u>
                        Robert A. Davitch, Esq.
                        1101 Market Street, Suite 2700
                        Philadelphia, PA 19107
                        (215) 574-0600
                        <u>rad@sidkoffpincusgreen.com</u>

                        Attorneys for Plaintiff Carlos Vega

Date: <u>March 23, 2021</u>

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARLOS VEGA : | CIVIL ACTION |
| and : | |
| JOSEPH WHITEHEAD, JR. : | NO. 19-4039 |
| : | |
| Plaintiffs, : | JURY TRIAL DEMANDED |
| v. : | |
| : | |
| CITY OF PHILADELPHIA : | |
| and : | |
| LAWRENCE S. KRASNER : | |
| Defendants. : | |

**BRIEF IN SUPPORT OF PLAINTIFF CARLOS VEGA'S
MOTION FOR LEAVE TO AMEND PLAINTIFFS' PRETRIAL
MEMORANDUM TO LIST ADDITIONAL TRIAL EXHIBITS**

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs, Carlos Vega and Joseph Whitehead, Jr., bring this action against the City of Philadelphia (the "City") and its District Attorney, Lawrence Krasner, pursuant to the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA").  Plaintiffs allege that on January 5, 2018, Defendants caused their employment with the City as prosecutors with the District Attorney's Office to be terminated because of their ages.

On October 22, 2019, which was soon after pretrial discovery had commenced, counsel for Plaintiff Vega served counsel for the City with a Request for Production of Documents pursuant to Fed. R. Civ. P. 34 (the "Document Request").  The Document Request, at Paragraph 9, asked the City to produce "[a]ll performance evaluations of Plaintiff Vega relating his employment with Defendant City."  Plaintiff Vega propounded the request because as of the time his employment with the City was terminated, he had not retained copies of all annual performance appraisals he received during his long career with the City.

On January 3, 2020, the City responded to the Document Request. In response to Paragraph 9, the City produced copies of annual performance appraisals it generated for Plaintiff Vega in 1993, 1994, 1997, 1998, 2000, 2002 to 2004, and 2013 to 2017.[1] The City did not supplement its response to Paragraph 9 prior to the completion of discovery in October of 2020.

Pursuant to Paragraph 6 of the Amended Scheduling Order filed on July 28, 2020 (the "Amended Scheduling Order", Doc. No. 22), Defendants moved for summary judgment on November 2, 2020.[2] As required by Paragraph 8a of the Amended Scheduling Order, Plaintiffs filed their Pretrial Memorandum, pursuant to L. R. Civ. P. 16.1(c), on November 16, 2020. (Doc. No. 35). Plaintiffs' Pretrial Memorandum listed Plaintiffs' trial exhibits. Id. at pp. 18-29; see also, L. R. Civ. P. 16.1(c)(5) (stating, in relevant part, that "the pretrial memorandum of each party shall contain . . . [a] schedule of all exhibits to be offered at trial by the party submitting the memorandum.")[3]

On March 18, 2021 – months after the close of discovery – the City produced additional documents requested by Plaintiff Vega in Paragraph 9 of the Document Request, which counsel for the City stated in an accompanying e-mail "were recently discovered" by the City. See Ex. "A" (E-mail from Lisa Swiatek, Esq., 3/18/2021). This recent document production included seven performance appraisals of Plaintiff Vega not previously produced by the City which are within the scope of Paragraph 9 (collectively, the "Recently Produced Performance Appraisals").

---

[1] These employment appraisals were identified as trial exhibits in Plaintiffs' Pretrial Memorandum filed on November 16, 2020. (Doc. No. 35).

[2] The motion for summary judgment is presently pending.

[3] Paragraph 9b of the Amended Scheduling Order provides that relevancy objections to the admissibility of trial exhibits are reserved. In addition, at the final pretrial conference on November 30, 2020, the Court granted the parties' joint request to defer the formal exchange of trial exhibits until a yet-to-be-determined date.

Plaintiff Vega had not kept and did not have in his possession copies of the Recently Produced Performance Appraisals. Prior to March 18, 2021, Plaintiff Vega reasonably assumed that the City had not retained copies either. The Recently Produced Performance Appraisals are reflected in the chart below:

| Date of Appraisal | Bates Nos. | Proposed Trial Exhibit No. |
| --- | --- | --- |
| 5/24/2012 | CITY 0593-0595 | P-161 |
| 6/1/2009 | CITY 0596-0598 | P-162 |
| 6/16/2008 | CITY 0599-0601 | P-163 |
| 6/8/2007 | CITY 0602-0603 | P-164 |
| 6/1/2006 | CITY 0604-0605 | P-165 |
| 6/30/2005 | CITY 0606-0607 | P-166 |
| 6/28/2004 | CITY 0608-0610 | P-167[4] |

Plaintiff Vega believes that The Recently Produced Performance Appraisals are helpful to his case in that they further establish the overall excellence of his performance as well as his stellar reputation as a prosecutor for the City. Accordingly, Plaintiff Vega seeks leave to amend Plaintiffs' Pretrial Memorandum to list the Recently Produced Performance Appraisals as additional trial exhibits (P-161 to P-167).

---

[4] In October 2019, in response to Paragraph 9 of the Document Request, the City produced only the first two pages of the June 28, 2004 performance appraisal and not the third (signature) page.

## II. ARGUMENT

Through no fault of his, Plaintiff Vega did not receive the Recently Produced Performance Appraisals from the City until March 18, 2021. They were initially requested in October of 2019. We now know that the Recently Produced Performance Appraisals were in the City's possession all along. Thus, the City asserted when it made its belated production that the Recently Produced Performance Appraisals "were recently discovered." See Ex. A. Under the circumstances, Plaintiff Vega has clearly made a showing of good cause to amend Plaintiff's Pretrial Memorandum to list the Recently Produced Performance Appraisals as additional trial exhibits.

In the context of pleadings, it has long been recognized that amendments are to be granted freely in the absence of a showing of undue delay, bad faith, or dilatory tactics. See Foman v. Davis, 371 U.S. 178, 181 (1962). Here, there can be no question that Plaintiff Vega is acting in good faith and in a timely manner, as he is filing this Motion five days after he received the Recently Produced Performance Appraisals from the City. Furthermore, it was the City that caused the need for the filing of this Motion by failing to produce the documents until months after the parties had filed their pretrial memoranda pursuant to the Amended Scheduling Order. Additionally, Defendants would neither be harmed nor prejudiced by the allowance of the amendment. See Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (noting that prejudice to the non-moving party is "the touchstone for denial of an amendment."). Defendants cannot claim prejudice since the City had possession of the Recently Produced Performance Appraisals but did not produce them until March 18, 2021; no trial date has been set; trial exhibits have not yet been formally exchanged; and if the Motion is granted, Defendants will have the right to object to the admissibility of the Recently Produced Performance Appraisals at trial. On the other

4

hand, denial of the Motion could result in prejudice to Plaintiff Vega. Accordingly, the proposed amendment should be allowed "to effectuate the underlying goal that cases are to be tried on the merits wherever possible." Johnson v. Goldstein, 850 F.Supp. 327, 329 (E.D. Pa. 1994); see also, L. R. Civ. P. 16(d)1(a) (providing that exhibits should be marked and exchanged "before commencement of trial.").

### III. CONCLUSION

For the foregoing reasons, it is respectfully requested that this Motion be granted to allow Plaintiff Vega to amend Plaintiffs' Pretrial Memorandum to list the Recently Produced Performance Appraisals as additional trial exhibits.

Respectfully submitted,

 /s/ Robert A. Davitch
Robert A. Davitch, Esq.
Sidkoff, Pincus & Green, P.C.
1101 Market Street, Suite 2700
Philadelphia, PA 19107
(215) 574-0600
rad@sidkoffpincusgreen.com

Attorneys for Plaintiff Carlos Vega

Date: March 23, 2021

# EXHIBIT "A"

**From:** Lisa Swiatek <Lisa.Swiatek@Phila.gov>
**Sent:** Thursday, March 18, 2021 9:31 AM
**To:** Robert Davitch <rad@SidkoffPincusGreen.com>; sgold@discrimlaw.net; Traci Greenberg <tgreenberg@discrimlaw.net>
**Cc:** Smith, David <DSmith@schnader.com>; Kane, Anne <AKane@schnader.com>; Banks, Samantha <SBanks@Schnader.com>
**Subject:** Vega/Whitehead v. City of Philadelphia, et. al.

Counsel – Attached are documents which were recently discovered and which supplement Defendant The City of Philadelphia's discovery responses.

Lisa

Lisa Swiatek
Deputy City Solicitor
Labor & Employment Unit
City of Philadelphia Law Department

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS VEGA** | : | **CIVIL ACTION** |
| and | : | |
| **JOSEPH WHITEHEAD, JR.** | : | **NO. 19-4039** |
| | : | |
| Plaintiffs, | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| and | : | |
| **LAWRENCE S. KRASNER** | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Robert A. Davitch, Esq., hereby certify that Plaintiff Carlos Vega's Motion for Leave to Amend Plaintiffs' Pretrial Memorandum to List Additional Trial Exhibits, has been served via electronic service of the Court, and is available for viewing and downloading on the Court's ECF system, upon the following counsel of record:

Sidney L. Gold, Esq.
Traci Greenberg, Esq.
Sidney L. Gold & Associates, P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103

Lisa Swiatek, Esq.
Benjamin Patchen, Esq.
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19102

David Smith, Esq.
Anne Kane, Esq.
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286

/s/ Robert A. Davitch
ROBERT A. DAVITCH
Attorney for Plaintiff Carlos Vega

Date: March 23, 2021