**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARLOS VEGA** | : | **CIVIL ACTION** |
| **and** | : | |
| **JOSEPH WHITEHEAD, JR.** | : | **NO. 19-4039** |
| | : | |
| Plaintiffs, | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **and** | : | |
| **LAWRENCE S. KRASNER** | : | |
| Defendants. | : | |

## [PROPOSED] ORDER [NO. 1]

AND NOW, this _____ day of _____, 2021, upon consideration of Defendants' Motion for Leave to File a Supplemental Brief in Support of Defendants' Motion for Summary Judgment, and Plaintiffs' response thereto, it is hereby ORDERED that the Motion is DENIED.

                                                           BY THE COURT:


                                                           _____
                                                           GENE E. K. PRATTER
                                                           United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARLOS VEGA** | : | **CIVIL ACTION** |
| **and** | : | |
| **JOSEPH WHITEHEAD, JR.** | : | **NO. 19-4039** |
| | : | |
| Plaintiffs, | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **and** | : | |
| **LAWRENCE S. KRASNER** | : | |
| Defendants. | : | |

**[PROPOSED] ORDER [NO. 2]**

AND NOW, this _____ day of _____, 2021, upon consideration of Plaintiffs' Cross-Motion for Leave to File a Supplemental Brief in Opposition to Defendants' Motion for Summary Judgment, it is hereby ORDERED that the Motion is GRANTED.

The Court hereby enters on the record Plaintiffs' Supplemental Brief in Opposition to Defendants' Motion for Summary Judgment, which is attached to Plaintiffs' Cross-Motion as Exhibit "A".

BY THE COURT:

_____
GENE E. K. PRATTER
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARLOS VEGA** : | **CIVIL ACTION** |
| and : | |
| **JOSEPH WHITEHEAD, JR.** : | **NO. 19-4039** |
|  : | |
| Plaintiffs, : | **JURY TRIAL DEMANDED** |
| v. : | |
|  : | |
| **CITY OF PHILADELPHIA** : | |
| and : | |
| **LAWRENCE S. KRASNER** : | |
| Defendants. : | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR
LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT; AND IF LEAVE TO
FILE DEFENDANTS' SUPPLEMENTAL BRIEF IS GRANTED, PLAINTIFFS'
CROSS-MOTION FOR LEAVE TO FILE THEIR OWN SUPPLEMENTAL
BRIEF IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, by and through their undersigned attorneys, file this response to Defendants' Motion for Leave to File Supplemental Brief in Support of Motion for Summary Judgment ("Motion to File Supplemental Brief"). If the Court grants Defendants' Motion to File Supplemental Brief, Plaintiffs seek leave of the Court to file their own Supplemental Brief in opposition to Defendants' Supplemental Brief. Plaintiffs' proposed Supplemental Brief is attached hereto as Exhibit "A". In response to Defendants' Motion to File Supplemental Brief, and in support of Plaintiffs' Cross-Motion to file their own Supplemental Brief, Plaintiffs aver the following:

1. Admitted in part; denied in part. It is admitted that on September 5, 2019, Plaintiff Carlos Vega ("Mr. Vega") filed a Complaint against Defendants City of Philadelphia ("City") and Lawrence Krasner ("Mr. Krasner"), alleging claims of age discrimination. It is denied that the Complaint was filed by Mr. Vega only. On the contrary, Plaintiff Joseph

Whitehead, Jr., is also a Plaintiff in the action.

2. Admitted in part; denied in part. It is admitted that on November 2, 2020, Defendants filed a Motion for Summary Judgment which seeks, among other relief, dismissal of Mr. Vega's age discrimination claims. Because the Motion for Summary Judgment is a matter of record and the best evidence of what is set forth therein, Plaintiffs deny any attempt by Defendants to characterize, summarize or paraphrase the Motion or its contents.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied. Defendants have mischaracterized allegations made by Mr. Vega in the Complaint he filed in the Philadelphia Court of Common Pleas on May 14, 2021 ("State Court Complaint"), which is a matter of record and the best evidence of what is set forth therein. Moreover, Mr. Vega did not admit in the State Court Complaint that Defendants terminated his employment with the City for legitimate non-discriminatory reasons. On the contrary, Mr. Vega specifically alleged in the State Court Complaint that Mr. Krasner terminated his employment with the City because of his age, in violation of the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). See Exhibit 1 of Defendants' Motion to File Supplemental Brief (State Court Complaint at ¶47, alleging that "[Mr.] Krasner's long-standing malice and resent of Mr. Vega resulted in his illegal termination of Mr. Vega, who was forced to file suit against [Mr.] Krasner" and that "[t]hat legal action was brought pursuant to the [ADEA] and the [PHRA]") (emphasis added). Mr. Vega did not allege or admit in the State Court Complaint that Mr. Krasner fired him to exact revenge for having been defeated by Mr. Vega in the Scott/Muhammed triple homicide trial. Furthermore, the "long-standing malice and

2

resent" harbored by Mr. Krasner against Mr. Vega, referred to in ¶47 of the State Court Complaint, is tied directly to Mr. Vega's age discrimination claims and to the proofs presented by Mr. Vega in opposition to Defendants' Motion for Summary Judgment, which establish that Mr. Krasner maintained a long-term discriminatory belief that older, long-tenured prosecutors at the Philadelphia District Attorney's Office ("DAO") were too rigid and too set in their ways transition period to work in the DAO.

7.      Denied.  Mr. Vega has not made any "new admissions" in the State Court Complaint that will assist the Court in resolving the issues raised in Defendants' Motion for Summary Judgment.  Accordingly, there is no need for the Court to reopen the summary judgment record to allow Defendants to file a Supplemental Brief.  If, however, the Court grants Defendants' Motion to File Supplemental Brief, Plaintiffs request leave to file their own Supplemental Brief in opposition to Defendants' Supplemental Brief.  The Supplemental Brief that Plaintiffs will file if such leave is granted is attached hereto as Exhibit "A".  Because Defendants' proposed Supplemental Brief raises new issues not previously addressed in the summary judgment papers, if Defendants are allowed to file a Supplemental Brief, Plaintiffs should be allowed to file a responsive Supplemental Brief so that the Court will have the benefit of full briefing of the parties.

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendants' Motion for Leave to file Supplemental Brief. In the alternative, if the Court grants Defendants' Motion, Plaintiffs respectfully request leave to file the attached Supplemental Brief in reply to Defendants' Supplemental Brief.

        Respectfully submitted,

        /s/ Robert A. Davitch
        Robert A. Davitch, Esq.
        **Sidkoff, Pincus & Green, P.C.**
        1101 Market Street, Suite 2700
        Philadelphia, PA 19107
        (215) 574-0600 – Office
        (215) 574-0310 – Fax
        rad@sidkoffpincusgreen.com

        Attorneys for Plaintiff Carlos Vega


        Sidney L. Gold, Esq.
        **Sidney L. Gold & Associates, P.C.**
        1835 Market Street, Suite 515
        Philadelphia, PA 19103
        (215) 569-1999 – Office
        SGold@DiscrimLaw.net

        Attorney for Plaintiff Joseph Whitehead, Jr.

Date: June 15, 2021

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARLOS VEGA** | : | **CIVIL ACTION** |
| and | : | |
| **JOSEPH WHITEHEAD, JR.** | : | **NO. 19-4039** |
| | : | |
| Plaintiffs, | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| and | : | |
| **LAWRENCE S. KRASNER** | : | |
| Defendants. | : | |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION AND SUMMARY OF RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF**

In their Supplemental Brief in support of their Motion for Summary Judgment (the "Motion"), Defendants City of Philadelphia ("City") and Lawrence Krasner ("Mr. Krasner") have attempted to create a new factual issue to bolster their argument that they are entitled to summary judgment on Plaintiff Carlos Vega's ("Mr. Vega's") age discrimination claims arising under the ADEA and the PHRA. Specifically, Defendants contend that certain allegations made by Mr. Vega in the lawsuit he recently filed in the Court of Common Pleas of Philadelphia County ( "State Court Action") "preclude any possibility that Mr. Vega's age was the 'but-for' reason for the termination of his employment." See Def. Supp. Br. (Doc. No. 54-1) at p. 1.[1] In their Motion to File the Supplemental Brief, Defendants took this argument one step further, asserting that "[t]he facts alleged by Mr. Vega in his verified complaint [in the State Court

---

[1] The State Court Action is captioned Carlos Vega v. Shaun King, Real Justice PAC and Lawrence Krasner for DA, C.C.P. Phila., May Term 2021, No. 00305. It asserts claims for placing Mr. Vega in a false light before the public and civil conspiracy. Counsel for Mr. Vega in this action do not represent him in the State Court Action.

Action] admit that Defendants terminated his employment for legitimate non-discriminatory reasons." See Mot. for Leave to File Supp. Br. (Doc. 54) at ¶ 6 (emphasis added).  Defendants are plainly mistaken and their argument is ill-advised.  Most importantly, Defendants have mischaracterized or ignored pertinent averments of the Complaint filed by Mr. Vega in the State Court Action ("State Court Complaint").  When construed in a light most favorable to Mr. Vega, as it must be at the summary judgment stage, the State Court Complaint includes no admission by Mr. Vega that his employment with the City was terminated for valid or legitimate reasons unrelated to his age. Rather than rely on Defendants' self-serving characterization and interpretation of what Defendants claim in their Supplemental Brief that Mr. Vega alleged in the State Court Complaint, we need look no further than to the actual language of ¶47 of the State Court Complaint, which reads:

> [Mr.] Krasner's long-standing malice and resent of Mr. Vega resulted in his illegal termination of Mr. Vega, who was forced to file suit against [Mr.] Krasner. That legal action was brought pursuant to the Age Discrimination in Employment Act . . . and the Pennsylvania Human Relations Act . . . (Emphasis added).

Elsewhere in the State Court Complaint, at ¶39, Mr. Vega alleged that Mr. Krasner "swore to get revenge against him" after he was defeated by Mr. Vega in the December 2016 Scott/Muhammed triple homicide trial.  However, the State Court Complaint does not aver or admit that Mr. Krasner fired Mr. Vega as a means of exacting revenge.  On the contrary, it alleges, at ¶47, that Mr. Krasner fired Mr. Vega because of his age.  Thus, ¶39 and ¶47 of the State Court Complaint can and should be read independently.  A trier of fact could find that Mr. Krasner may have vowed retribution against Mr. Vega for having lost the Scott/Muhammed trial, but still fired Mr. Vega because of his age.

This reading of the State Court Complaint is buttressed by the fact that Mr. Krasner's

2

termination of Mr. Vega's employment would not have been "illegal", as alleged in ¶47, if it resulted from a personal vendetta unconnected to Mr. Vega's age.  As averred in ¶47, the firing of Mr. Vega was "illegal" because it was motivated by Mr. Vega's age.

The State Court Complaint's reference to Mr. Krasner's "long-standing malice and resent" of Mr. Vega (that led to Mr. Vega's age-motivated discharge) is consistent with the proofs presented by Plaintiffs in opposition to Defendants' Motion for Summary Judgment. Those proofs establish that Mr. Krasner harbored a deep-seated hostility and animus towards older prosecutors like Mr. Vega who had worked in the DAO for decades, who were known to Mr. Krasner from his many years of experience as a criminal defense attorney.  Mr. Krasner even proclaimed publicly that older prosecutors as a group were too rigid and set in their ways to embrace his policies, whereas young prosecutors as a group would support his agenda.  See discussion infra.[2]

## II. THE ALLEGATIONS OF THE STATE COURT COMPLAINT ARE CONSISTENT WITH AND DO NOT DIMINISH THE COMPELLING EVIDENCE OF AGE DISCRIMINATION THAT MR. VEGA HAS PRESENTED IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In their previous submissions filed in opposition to Defendants' Motion for Summary Judgment, Plaintiffs showed that there are many material issues of fact on the core issues that preclude summary judgment on their age discrimination claims.  Mr. Vega's State Court Complaint does not compromise or cast doubt on the evidence Plaintiffs have presented, which is more than adequate for a jury to find that Mr. Vega's employment was terminated "because of

---

[2]  Mr. Vega's use of the word "long-standing" in ¶47 of the State Court Complaint undermines Defendants' argument.  The Scott/Muhammed trial was concluded one year before Mr. Krasner fired Mr. Vega.  On the other hand, Mr. Krasner's public remarks that preceded his election as DA specifically targeted older prosecutors who had worked in the DAO for decades.

[his] age", in violation of the ADEA.  See 29 U.S.C. §623(a)(1).[3]

The proof of age discrimination in the summary judgment record is consonant with Mr. Vega's allegation in the State Court Complaint Mr. Krasner fired him illegally, in violation of the ADEA and the PHRA.  Mr. Krasner's public statements made prior to his election as DA were reflective of his long-term antipathy towards prosecutors of Mr. Vega's age.  In the interview he gave to The Intercept on May 17, 2017, Mr. Krasner stated that some attorneys at the DAO "can't stand the idea of change;" that they "are going to made to leave because you cannot bring about real change and keep people in place who are going to fight change every step of the way;" and that "[t]he ones who will leave will tend to be my generation, people who started in this business thirty years ago[.]"  See Pl. Resp. to Def. St. of Material Facts ("RSOMF") at ¶6b(1), p. 4.  In the interview he gave to Jacobin radio on October 7, 2017, Mr. Krasner declared that "there is no question that the old guard in that [DAO] is in control and the old guard in that office is not desiring change at all" and "needs to go."  RSOMF at ¶6b(2), p. 5.  In the interview he gave to WHYY on October 24, 2017, Mr. Krasner expressed a strong

---

[3] Mr. Vega's evidence, for purposes of summary judgment, satisfies the applicable causation standard.  In Gress v. Temple University Health System, 784 Fed. Appx. 100, 104-05 (3d Cir. 2019), the Third Circuit, quoting Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994), stated that the plaintiff in an ADEA case "must prove not that the illegitimate factor was the sole reason for the decision, but that the illegitimate factor was a determinative factor in the adverse employment decision"; see also Egan v. Delaware River Port Authority, 851 F.3d 263, 272 (3d Cir. 2017) (stating that "a plaintiff [in an ADEA case] must . . . prove that age was a 'but-for' cause of the employer's adverse decision in order to establish a disparate-treatment claim) (citing Gross v. FBL Financial Services, 557 U.S. 167, 176-78 (2009)) (emphasis added).  More recently, in Bostock v. Clayton County, 140 S.Ct. 1731 (2020), the Supreme Court interpreted Title VII's "because of" language, which also appears in the ADEA, and concluded that it encompassed employee terminations with more than one motivation, and that a plaintiff need not prove that sex was the only cause of the termination; see id. at 1739, (stating that "[s]o long as the plaintiff's sex was one but-for cause of that decision, that is enough to trigger the law.").  Mr. Vega's proof is sufficient to establish causation under any of these standards, or even under a stricter but-for analysis.

preference for young prosecutors over their older counterparts, stating that he "expect[ed] to have very broad support among the vast majority of the young prosecutors who are in [the DAO]," and that "young prosecutors" came from "a completely different culture" as compared to what he and lawyers who were his contemporaries "experienced thirty years ago when [they] came out of law school." RSOMF at ¶ 6b(3), pp. 5-6.[4]

Mr. Krasner's public pronouncements which stereotyped older prosecutors are in accord with the allegations of ¶47 of the State Court Complaint, and with Mr. Vega's deposition testimony. Mr. Vega testified unequivocally that his age was the reason for his termination:

> [W]hat I take issue with is my firing based on my age. With the comments that [Mr. Krasner] made to the press, that the old guard has to leave, that the old guard is . . . incapable of changing . . . That they need to make room for young people coming out of law school because they're progressive[.]"

See RSOMF at ¶22b, pp. 17-18 (citing Pl. App. Ex. 18 at 136:12-24). Mr. Vega was emphatic in his testimony that Mr. Krasner's public references to the "old guard" meant "old people" and "people of a certain age" who "are older [and] have to leave." RSOMF at ¶ 70b, p. 67 (citing Pl. App. Ex. at 159:4-23, 152:18-153:1). Mr. Vega made no admission in the State Court Complaint that recants or repudiates his prior deposition testimony.

One more point deserves mention. Defendants' Supplemental Brief fails to address the fact that Mr. Krasner has never testified or suggested that he terminated Mr. Vega's employment to get even with Mr. Vega because he was beaten by Mr. Vega in the Scott/Muhammed trial. In fact, Mr. Krasner flatly rejected this theory, testifying in his deposition that he fired Mr. Vega not because he lost the trial, but because Mr. Vega had engaged in prosecutorial misconduct during

---

[4] As Plaintiffs have shown, these public age-related comments by Mr. Krasner constitute direct and/or circumstantial evidence of a discriminatory motive.

and in connection with the trial.  See Def. St. of Material Facts ("SOMF") at ¶¶ 22-23.  In Plaintiffs' response to Defendants' Motion for Summary Judgment, Mr. Vega showed that Mr. Krasner's asserted reasons for the termination decision are false and pretexts for age discrimination.  RSOMF at ¶22b, pp. 17-19 and 23b(2)-(8), pp. 20-28.  To further show pretext, Plaintiffs have pointed to evidence that Mr. Krasner's proffered reasons for firing Mr. Vega have shifted over time and are contradictory (although Mr. Krasner has never asserted that he ousted Mr. Vega because he lost the Scott/Muhammed trial).  RSOMF at ¶ 23b(1), pp. 19-20.  Mr. Vega's proof of pretext submitted in response to Mr. Krasner's asserted reasons is consistent with the allegation of ¶47 of the State Court Complaint that Mr. Krasner terminated his employment in violation of the ADEA and the PHRA.

### III.     CONCLUSION

Defendants' Supplemental Brief offers no new reason for granting summary judgment in favor of Defendants on Mr. Vega's age discrimination claims. For the reasons discussed in this brief and in Plaintiffs previous submissions, Defendants' Motion for Summary Judgment should be denied.

/s/ Robert A. Davitch
Robert A. Davitch, Esq.
**Sidkoff, Pincus & Green, P.C.**
1101 Market Street, Suite 2700
Philadelphia, PA 19107
(215) 574-0600 – Office
(215) 574-0310 – Fax
rad@sidkoffpincusgreen.com

Attorney for Plaintiff Carlos Vega

Sidney L. Gold, Esq.
**Sidney L. Gold & Associates, P.C.**
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999 – Office
SGold@DiscrimLaw.net

Attorney for Plaintiff Joseph Whitehead, Jr.

Date:   June 15, 2021

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARLOS VEGA** | : | **CIVIL ACTION** |
| and | : | |
| **JOSEPH WHITEHEAD, JR.** | : | **NO. 19-4039** |
| Plaintiffs, | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| and | : | |
| **LAWRENCE S. KRASNER** | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Robert A. Davitch, Esq., hereby certify that Plaintiffs' Response to Defendants' Motion for Leave to File Supplemental Brief in Support of Motion for Summary Judgment, and Plaintiffs' Cross-Motion for Leave to File a Supplemental Brief, has been served via electronic service of the Court, and is available for viewing and downloading on the Court's ECF system, upon the following counsel of record:

Lisa Swiatek, Esq.
Benjamin Patchen, Esq.
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA  19102

David Smith, Esq.
Anne Kane, Esq.
Samantha Banks, Esq.
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103-7286

/s/ Robert A. Davitch
ROBERT A. DAVITCH
Attorney for Plaintiff Carlos Vega

Date: June 15, 2021