IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS VEGA<br>and<br>JOSEPH WHITEHEAD, JR.<br><br>Plaintiffs,<br>v.<br><br>CITY OF PHILADELPHIA<br>and<br>LAWRENCE S. KRASNER<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO. 19-4039<br><br>JURY TRIAL DEMANDED |

## [PROPOSED] ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of *Plaintiffs' Motion in Limine to Preclude Testimony and Evidence of or Related to (A) Statements Made by Plaintiff Vega and Defendant Krasner During Or In Connection With Their Campaigns Relating to the 2021 Democratic Primary Election For Philadelphia DA, and (B) the Lawsuit Plaintiff Vega Filed in May 2021 In State Court In Philadelphia*, and responses and replies thereto, it is hereby **ORDERED** that the Motion is **GRANTED**, and that:

    1.    The parties are precluded from presenting or eliciting testimony or evidence of or related to statements made by Plaintiff Vega and Defendant Krasner during or in connection with their campaigns relating to the 2021 Democratic primary election for Philadelphia DA.

2. The parties are precluded from presenting or eliciting testimony or evidence of or relating to the lawsuit Plaintiff Vega filed in state court captioned <u>Carlos Vega v. Shaun King, et al.</u>, CCP Philadelphia, May 2021, No. 00305.

                                                BY THE COURT:

                                                GENE E.K. PRATTER
                                                United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS VEGA<br>and<br>JOSEPH WHITEHEAD, JR.<br>Plaintiffs,<br>v.<br>CITY OF PHILADELPHIA<br>and<br>LAWRENCE S. KRASNER<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO. 19-4039<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND EVIDENCE OF OR RELATED TO (A) STATEMENTS MADE BY PLAINTIFF VEGA AND DEFENDANT KRASNER DURING OR IN CONNECTION WITH THEIR CAMPAIGNS RELATING TO THE 2021 DEMOCRATIC PRIMARY ELECTION FOR PHILADELPHIA DA, AND (B) THE LAWSUIT PLAINTIFF VEGA FILED IN MAY 2021 IN STATE COURT IN PHILADELPHIA**

For the reasons set forth in the accompanying Memorandum of Law, Plaintiffs respectfully request that this Court enter the proposed form of Order submitted herewith, precluding the parties from presenting testimony or evidence of or related to (a) statements made by Plaintiff Vega and Defendant Krasner during or in connection with their campaigns relating to the 2021 Democratic primary election for Philadelphia DA, and (b) the lawsuit Plaintiff Vega filed in state court captioned Carlos Vega v. Shaun King, et al., CCP Philadelphia, May 2021, No. 00305.

| /s/ Robert A. Davitch | /s/ Sidney L. Gold |
|---|---|
| Samantha F. Green, Esq. | Sidney L. Gold, Esq. |
| **Sidkoff, Pincus & Green, P.C.** | Traci M. Greenberg, Esq. |
| 1101 Market Street, Suite 2700 | **Sidney L. Gold & Associates, P.C.** |
| Philadelphia, PA 19107 | 1835 Market Street, Suite 515 |
| (215) 574-0600 – Office | Philadelphia, PA 19103 |
| (215) 574-0310 – Fax | (215) 569-1999 – Office |
| rad@sidkoffpincusgreen.com | SGold@DiscrimLaw.net |
| Attorneys for Plaintiffs | Attorneys for Plaintiffs |

Date: July 1, 2022

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS VEGA<br>and<br>JOSEPH WHITEHEAD, JR.<br><br>Plaintiffs,<br>v.<br><br>CITY OF PHILADELPHIA<br>and<br>LAWRENCE S. KRASNER<br>Defendants. | CIVIL ACTION<br><br>NO. 19-4039<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND EVIDENCE OF OR RELATED TO (A) STATEMENTS MADE BY PLAINTIFF VEGA AND DEFENDANT KRASNER DURING OR IN CONNECTION WITH THEIR CAMPAIGNS RELATING TO THE 2021 DEMOCRATIC PRIMARY ELECTION FOR PHILADELPHIA DA, AND (B) THE LAWSUIT PLAINTIFF VEGA FILED IN MAY 2021 IN STATE COURT IN PHILADELPHIA**

## I.   INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs, Carlos Vega and Joseph Whitehead, Jr., join in bringing this age discrimination in employment action against their former employer, the City of Philadelphia ("City"), and the City's District Attorney ("DA"), Lawrence Krasner. Plaintiffs were career prosecutors who were hired by the City in the 1980s to work in the District Attorney's Office ("DAO"). Doc. Nos. 56-58: Memorandum of Judge Pratter re: Def. Motion for Summary Judgment, 9/17/2021 ("SJ Mem.") at p. 1.

In November 2017, Mr. Krasner was elected as DA of the City for a four-year term, and he was sworn into office on January 2, 2018. SJ Mem. at 1. On January 5, 2018, Mr. Krasner, as the decisionmaker, terminated the employment of 30 attorneys at the DAO, including Plaintiffs, 20 of whom were above the age of 40. Id. at 1 and 12 n.5. This case is about whether the ages of Plaintiffs (61 and 64, respectively) motivated Mr.

Krasner to terminate their employment with the City.

While serving his first term as DA, Mr. Krasner announced that he would be run for a second four-year term. In December 2020 (nearly three years after his employment with the City was terminated), Mr. Vega announced that he would challenge Mr. Krasner in the May 18, 2021 Democratic primary election for DA (the "Primary" or "Primary election"). Throughout the course of their respective campaigns for DA, prior to the Primary election. Mr. Vega and Mr. Krasner touted their qualifications, explained why each was more qualified for DA than the other, engaged in political discourse, and participated in public debates. Ultimately, Mr. Krasner defeated Mr. Vega in the Primary election, which paved the way for Mr. Krasner to win re-election for a second four-year term as DA in November 2021, when he defeated his Republican opponent.

On May 14, 2021, with the Primary election four days away, Mr. Vega commenced a lawsuit against Shaun King, Real Justice PAC, and Lawrence Krasner for DA in the Philadelphia Court of Common Pleas, captioned Carlos Vega v. Shaun King, et al., CCP Philadelphia, May 2021, No. 00305 (the "State Court Action"). Doc. No. 54-1, Ex. 1. The State Court Action alleges that the three defendants named therein caused Mr. Vega to be placed in a false light before the public and engaged in an illegal conspiracy to harm Mr. Vega, based on statements published about Mr. Vega beginning in April 2021, when Mr. Vega was running against Mr. Krasner in the Primary. Doc. No. 54-1, Ex. 1 at ¶¶61-94, 134-148. The State Court Action is presently pending.

On June 4, 2021, while Defendants' motion for summary judgment in this action was under consideration, Defendants filed a motion for leave to file a supplemental brief

in support of the summary judgment motion ("Motion to Supplement Record"). The Motion to Supplement Record was based on certain allegations made by Mr. Vega in his Complaint in the State Court Action Doc. No. 54. Defendants argued in the Motion to Supplement Record that those averments by Mr. Vega were admissions that his employment with the City was terminated for reasons other than his age. Doc. No. 54: Motion to Supplement Record at ¶ 6; Doc. No. 54-1: Def. Proposed Supplemental Brief at pp. 1-3. Defendants advocated in the Motion to Supplement Record that the purported admissions established that Mr. Vega's "age discrimination claims cannot survive summary judgment." Doc. No. 54-1: Def. Proposed Supplemental Brief at p. 3.[1]

On June 15, 2021, Mr. Vega filed his opposition to Defendants' Motion to Supplement Record, in which he argued that he made no admission in his Complaint in the State Court Action that entitled Defendants to summary judgment, or established that his termination was unrelated to his age. Doc. No. 55: Pl. Proposed Supplemental Brief at pp. 1-6. Mr. Vega pointed out in his response to the Motion to Supplement Record that the State Court Action Complaint specifically alleged that the termination of his employment with City was "illegal" because it violated the ADEA and the PHRA, and that if Mr. Krasner harbored a grudge against Mr. Vega because of the outcome of the Scott/Muhammed trial, it did not mean Mr. Vega was not discharged because of his age. Id.: Pl. Proposed Supplemental Brief at pp. 1-3; Doc. No. 54-1, Ex. 1 at ¶47. In fact, Mr. Vega's termination could not have been "illegal" if it was motivated by personal

---

[1] Defendants specifically relied on averments of the Complaint in the State Court Action that "Krasner has never gotten over being handily beaten by Mr. Vega [in the Scott/Muhammed trial], and swore to get revenge against him" and "Krasner's longstanding malice and resent of Mr. Vega resulted in his illegal termination of Mr. Vega[.]" Doc. No. 54-1: Proposed Supplemental Brief at pp. 2-3 and Ex. 1 at ¶¶39, 47.

3

animus. Id.

Thereafter, the Court denied Defendants' motion for summary judgment in this case. Doc. Nos. 56-58. At the same time, the Court deemed moot Defendants' Motion to Supplement Record, thus denying the request of Defendants to file the Motion. Id. It appears to Plaintiffs that the Court was unpersuaded by Defendants' contention that the averments of the Complaint in the State Court Action had any bearing on Defendants' summary judgment motion.

In their Pretrial Memorandum, filed on January 25, 2022, Defendants identified Mr. Vega's entire Complaint in the State Court Action as a trial exhibit. Doc. No. 61: Def. Exhibit List at p. 7 at D98. The evidence sought to be excluded by this motion relates to events and communications that all occurred more than three years after Mr. Krasner terminated Mr. Vega's employment, including those referenced in the State Court Action. It is wholly irrelevant to the principal issues in this case, i.e., did Mr. Vega's age motivate Defendant Krasner to discharge him on January 5, 2018, and whether Mr. Krasner's articulated reasons for the termination are pretexts for age discrimination. Alternatively, this evidence should be precluded pursuant to Fed.R.Evid. 403 based on dangers of unfair prejudice, the likelihood of collateral mini-trials and misleading the jury, and considerations of undue delay and wasting time.

## II.  ARGUMENT

### A.  Standards Governing *In Limine* Motions

Courts have the inherent power to exclude evidence in order to "manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1994); see also id. at 40 n.2 (noting that purpose of a motion *in limine* is "to exclude anticipated prejudicial

4

evidence before the evidence is actually offered"); Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1068 (3d Cir. 1990) ("[A] motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."). It is well-settled that the admission or exclusion of evidence at a trial falls within the sound discretion of the district court. Toledo Mack Sales & Serv., Inc. v. Mack Trucks, Inc., 2010 U.S. App. LEXIS 13827, at *8 (3d Cir. 2010) (quoting United States v. Abel, 469 U.S. 45, 54 (1984)).

### B. Testimony and Evidence Of and Related to (A) Statements Made by Plaintiff Vega and Defendant Krasner During or In Connection With the 2021 Primary, and (B) the State Court Action Filed By Plaintiff Vega In May 2021, Should Be Excluded As Irrelevant

"In determining whether to admit evidence, a court must make the threshold determination that the proffered evidence is relevant." N. Am. Roofing & Sheet Metal Co., Inc. v. Bldg. Constr. Trades Council of Phila. and Vicinity, 2005 U.S. Dist. LEXIS 241, at *6 (E.D.Pa. Jan. 10, 2005). Fed.R.Evid. 401 provides that "[e]vidence is relevant if: it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action" (emphasis added). Fed.R.Evid. 402 states that "[i]rrelevant evidence is not admissible." Thus, if evidence offered by a party has no bearing on a material element of the case, it should be excluded. Bhaya v. Westinghouse Elec. Corp., 922 F.2d 184, 187-189 (3d Cir. 1990); see also Inline Connection Corp. v. AOL Time Warner Inc., 470 F.Supp 2d 424, 433 (D. Del. 2007) ("[F]or a fact to be relevant it must be of consequence to the issue under determination"); Forrest v. Beloit Corp., 424 F.3d 344, 355 (3d Cir. 2005).

The central focus of this case, as it relates to Mr. Vega, is what motivated Mr. Krasner to terminate Mr. Vega employment on January 5, 2018. As such, Mr. Krasner's

own testimony regarding his knowledge and opinions of Mr. Vega as of the time he made the decision, and Mr. Vega's opposition evidence that addresses to the issue of pretext, is what matters most. The evidence sought to be excluded by this motion (which would preclude all parties from presenting it) concerns events that occurred and statements that were made in 2021. If allowed, this evidence would likely turn the trial into a side-show of ancillary issues. Kimble v. Morgan Properties, No. Civ. A.02-CV-9359, 2005 WL 2847266, at *4 (E.D.Pa. Oct. 25, 2005) (Court precluded from trial of employment discrimination case as irrelevant, evidence pertaining to events that occurred two years after decision to terminate plaintiff's employment was made).

Mr. Vega announced in December 2020 that he was running against Mr. Krasner in the Primary, and the campaign began in earnest in early 2021. Statements made by Mr. Vega and Mr. Krasner during or in connection with the Primary, prior to the May 18, 2021 Primary election, have no bearing on or relevance to the discharge of Mr. Vega in January 2018. In addition, the State Court Action was filed more than three years after Mr. Vega's employment was terminated, and it relates to events that occurred during the Primary beginning in April 2021. The lack of relevance of the State Court Action to the issues in this case, in which Shaun King and his organization are named as co-defendants, is plainly apparent. While Defendants might argue that selected averments from the lengthy Complaint Mr. Vega filed in the State Court Action are probative of whether he believes he was discriminated against in 2018 because of his age, this Court was apparently unconvinced since it did allow Defendant to file their Motion to Supplement Record. Furthermore, as Mr. Vega explained in his opposition to the Motion to Supplement Record, the averments in his Complaint in the State Court Action

6

relied on by Defendants do not undermine his claim that he was discharged by Mr. Krasner "illegally" because of his age. In addition, Defendants have identified as a trial exhibit the entire Complaint in the State Court Action, which consists of 150 paragraphs and lengthy exhibits which are irrelevant to this case. Doc. No. 54-1, Ex. 1.

    **C.**    **Alternatively, Testimony and Evidence Of and Related to (A) Statements Made by Plaintiff Vega and Defendant Krasner During Or In Connection With the 2021 Primary, and (B) the State Court Action Filed By Mr. Vega In May 2021, Should Be Excluded Because Its Probative Value, If Any, Is Substantially Outweighed by Dangers of <u>Unfair Prejudice, Confusion, Waste of Time, and Undue Delay</u>**

Fed.R.Evid. 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Rule 403 recognizes that a cost/benefit analysis must be employed to determine whether or not to admit the evidence." Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343 (3d Cir. 2002). In determining whether to admit or exclude evidence under Rule 403, "the proper equation places on one side the maximum reasonable probative force for the offered evidence, while the other side of the equation should include the likely prejudicial impact of the evidence." Id. at 1344 (quotation omitted). Furthermore, "evidence may be excluded [under Rule 403] if its probative value is not worth the problems that its admission may cause." Id. at 1343.

Even if the evidence sought to be precluded had any probative value, it should be precluded under Rule 403. Allowing its admission would inevitably lead to litigation of extraneous issues involving the 2021 Primary and the 2021 State Court Action, which would likely distract the jury's attention from the main issues. Blancha v. Raymark

Indus., 972 F.2d 507, 516 (3d Cir. 1992) (citing United States v. Dennis, 625 F.2d 782, 797 (8th Cir. 1980)); see also Snodgrass v. Ford Motor Co., Civ. A. No. 96-1814, 2002 WL 485688, at *12 (D.N.J. Mar. 28, 2002). Courts have found that evidence of separate litigation between the same parties is either not relevant or has minimal probative value that is outweighed by the dangers identified in Rule 403. Wonderland NurseryGoods Co., Ltd. v. Thorley Indust., LLC, Civil Action No. 12-196, 2014 WL 289446, at *2 (W.D. Pa. Jan. 22, 2014). Allowing any proof of statements made by Mr. Vega and Mr. Krasner during the Primary would open the door for a mini-trial on issues unrelated to whether Mr. Vega's employment was terminated in 2018 because of his age. Similarly, allowing the admission of evidence related to the State Court Action, including the pleadings filed therein, would likely lead to a separate mini-trial that would involve testimony relating to Mr. Vega's State Court Action claims and the proof supporting them; his reasons for filing the State Court Action; Mr. Krasner's defenses to the State Court Action; and the defenses of Mr. King. This would waste time, cause needless delay, and divert the jury's attention from the main issues.[2]

---

[2] Defendants cannot extract several paragraphs from Mr. Vega's lengthy Complaint in the State Court Action and seriously argue that Mr. Vega cannot present evidence in rebuttal.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter the proposed form of Order submitted herewith, precluding testimony or evidence of or relating to (a) comments and statements made by Mr. Vega and Mr. Krasner during the 2021 Primary, and (b) the State Court Action filed by Mr. Vega in May 2021.

/s/ Robert A. Davitch
Robert A. Davitch, Esq.
Samantha F. Green, Esq.
**Sidkoff, Pincus & Green, P.C.**
1101 Market Street, Suite 2700
Philadelphia, PA 19107
(215) 574-0600 – Office
(215) 574-0310 – Fax
rad@sidkoffpincusgreen.com

/s/ Sidney L. Gold
Sidney L. Gold, Esq.
Traci M. Greenberg, Esq.
**Sidney L. Gold & Associates, P.C.**
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999 – Office
SGold@DiscrimLaw.net

Attorneys for Plaintiffs

Date: July 1, 2022

| | |
|---|---|
| SIDKOFF, PINCUS & GREEN, P.C.<br>By: Robert A. Davitch, Esquire<br>Identification No. 23827<br>1101 Market Street<br>2700 Aramark Tower<br>Philadelphia, PA 19107<br>(215) 574-0600 | **Attorneys for Plaintiff** |
| **CARLOS VEGA**<br>and<br>**JOSEPH WHITEHEAD, JR.**<br><br>         Plaintiffs,<br>    v.<br><br>**CITY OF PHILADELPHIA**<br>and<br>**LAWRENCE S. KRASNER**<br>         Defendants. | **CIVIL ACTION**<br><br>**NO. 19-4039**<br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

      I, Robert A. Davitch, hereby certify that the attached Motion and Memorandum of Law has been served via electronic service of the Court, and is available for viewing and downloading on the Court's ECF system, upon the following counsel of record:

Lisa Swiatek, Esq.
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19102

David Smith, Esq.
Anne Kane, Esq.
Samantha Banks, Esq.
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286

                                                            /s/ Robert A. Davitch
                                                            ROBERT A. DAVITCH
                                                            Attorney for Plaintiffs

Dated: <u>July 1, 2022</u>