### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **CARLOS VEGA** | : | **C.A. NO: 19-4039 (GEKP)** |
| **AND** | : | |
| **JOSEPH WHITEHEAD, JR.,** | : | |
| **Plaintiffs** | : | |
| **V.** | : | **JURY TRIAL DEMANDED** |
| **CITY OF PHILADELPHIA** | : | |
| **AND** | : | |
| **LAWRENCE S. KRASNER,** | : | |
| **Defendants** | : | |

## [PROPOSED] ORDER

AND NOW, this _____ day of _____, 2022, upon

consideration of *Plaintiffs' Motion in Limine to Preclude Testimony and Evidence*

*Pertaining to Plaintiff Whitehead's Juvenile Lifer Resentencing Recommendations and*

*Memoranda Not Reviewed or Considered by Defendant Lawrence Krasner Before He*

*Made the Decision to Terminate Plaintiff Whitehead's Employment*, and the responses

and replies thereto, it is hereby **ORDERED** that the Motion is **GRANTED**, and that

Defendants shall be precluded from presenting testimony or evidence pertaining to

Plaintiff's juvenile lifer resentencing recommendations and memoranda not reviewed or

considered by Defendant Lawrence Krasner before he made the decision to terminate

Plaintiff's employment.

BY THE COURT:

_____

GENE E.K. PRATTER
United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| CARLOS VEGA | : | C.A. NO: 19-4039 (GEKP) |
| AND | : | |
| JOSEPH WHITEHEAD, JR., | : | |
| Plaintiffs | : | |
| V. | : | JURY TRIAL DEMANDED |
| CITY OF PHILADELPHIA | : | |
| AND | : | |
| LAWRENCE S. KRASNER, | : | |
| Defendants | : | |

**PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND
EVIDENCE PERTAINING TO PLAINTIFF WHITEHEAD'S JUVENILE LIFER
RESENTENCING RECOMMENDATIONS AND MEMORANDA NOT
REVIEWED OR CONSIDERED BY DEFENDANT LAWRENCE KRASNER
BEFORE HE MADE THE DECISION TO TERMINATE
PLAINTIFF WHITEHEAD'S EMPLOYMENT**

For the reasons set forth in the accompanying Memorandum of Law, Plaintiffs

respectfully request that this Court enter the proposed form of Order submitted herewith,

precluding the Defendants from presenting testimony or evidence pertaining to Plaintiff

Whitehead's juvenile lifer resentencing recommendations and memoranda not reviewed

or considered by Defendant Lawrence Krasner before he made the decision to terminate

Plaintiff Whitehead's employment.

| | |
|---|---|
| SIDNEY L. GOLD & ASSOC., P.C. | SIDKOFF, PINCUS & GREEN, P.C. |
| */s/Sidney L. Gold, Esquire* | */s/Robert A. Davitch, Esquire* |
| SIDNEY L. GOLD, ESQ. *(21374)* | ROBERT A. DAVITCH, ESQ. |
| TRACI M. GREENBERG, ESQ.*(86396)* | SAMANTHA F. GREEN, ESQ. |
| 1835 Market St., Suite 515 | 1101 Market Street |
| Philadelphia, PA 19103 | Suite 2700 |
| *Attorneys for Plaintiffs* | Philadelphia, PA 19107 |
| | (215) 574-0600 |
| DATED: 07/01/2022 | *Attorney for Plaintiffs* |

1

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| CARLOS VEGA | : | CIVIL ACTION NO: 19-4039 (GEKP) |
| AND | : | |
| JOSEPH WHITEHEAD, JR., | : | |
| **Plaintiffs** | : | |
| V. | : | **JURY TRIAL DEMANDED** |
| CITY OF PHILADELPHIA | : | |
| AND | : | |
| LAWRENCE S. KRASNER, | : | |
| **Defendants** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND EVIDENCE PERTAINING TO PLAINTIFF WHITEHEAD'S JUVENILE LIFER RESENTENCING RECOMMENDATIONS AND MEMORANDA NOT REVIEWED OR CONSIDERED BY DEFENDANT LAWRENCE KRASNER BEFORE HE MADE THE DECISION TO TERMINATE PLAINTIFF WHITEHEAD'S EMPLOYMENT**

## I.    INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs, Carlos Vega and Joseph Whitehead, Jr., join in bringing this age discrimination in employment action against their former employer, the City of Philadelphia ("City") and the City's District Attorney, Lawrence Krasner.  Plaintiffs were career prosecutors who were initially hired by the City's District Attorney's Office ("DAO") in the 1980s.  Doc. Nos. 56-58:  Opinion of Hon. Gene E.K. Pratter re: Defendants' Motion for Summary Judgment, 9/17/21 ("S.J. Mem.") at p. 1.[1]

In 2017, when Mr. Krasner announced his candidacy for District Attorney of the City, Mr. Vega and Mr. Whitehead were 61 and 64 years old, respectively, and were still

---

[1] Mr. Vega began his career in the DAO in 1982 and was promoted to the Homicide Unit in 1987.  S. Mem. at 1. Mr. Whitehead was hired by the DAO as a prosecutor in 1989, and was assigned to the Homicide Unit in 2014.  Id.

employed at the DAO as homicide prosecutors.  SJ Mem. at 1, 3.  When he was running for DA, Mr. Krasner made a series of public comments in media interviews which Plaintiffs contend reflected his bias against and stereotypical views of older career prosecutors.  By way of example, Mr. Krasner proclaimed in a May 2017 interview that "people who are going to made to leave [the DAO] . . . will tend to be my generation, people who started in this business 30 years ago[.]"  SJ Mem. at 3; Doc. 34-5 at 121.  In another pre-election interview, Mr. Krasner declared that "the old guard [in the DAO] . . . needs to go."  SJ Mem. at 3; Doc. 34-5 at 128.

In November 2017, Mr. Krasner won the election for DA, and he was sworn into office on January 2, 2018.  SJ Mem. at 1.  Three days later, on January 5, 2018, he terminated the employment of 30 attorneys at the DAO, including Plaintiffs, 20 of whom were over the age of 40.  Id. at 1 and 12 n.5.  It is undisputed that Mr. Krasner was the sole decisionmaker.  Id. at 1.

After being forced out of their jobs with the City, Plaintiffs filed separate complaints of age discrimination with the Pennsylvania Human Relations Commission ("PHRC").  In response to each complaint, Mr. Krasner submitted a verified statement to the PHRC explaining the reasons for his decisions, in which he asserted that he "had been able to conduct what essentially amounted to a thirty-year job interview" of each Plaintiff, which included "extensive opportunities to observe and assess their professional competence, demeanor, and ethics."  SJ Mem. at 2; Doc. No. 40-13 Ex. 22 ¶2.  These verified statements did not identify or refer to any specific assignment handled by either Plaintiff that caused Mr. Krasner to make his termination decisions.  SJ Mem. at 2.

3

In his deposition taken on September 16, 2020, Mr. Krasner testified that he terminated Mr. Whitehead's employment because he viewed Mr. Whitehead as being "extreme in his approach to prosecution," meaning that he was "extreme in wanting the highest charge, extreme in wanting the longest sentence, extreme in trying to make sure that no one ever got a break."  Krasner Tr. 9/16/2020 at 385:23-386:4, Ex. A attached hereto.   In forming his pre-termination opinion of Mr. Whitehead, Mr. Krasner could only recall one case from the 1980s or 1990s which involved a juvenile robbery in which he characterized Mr. Whitehead's prosecutorial approach as "extreme."  Krasner Tr. at 388:17-389:12.

It is undisputed that Mr. Krasner did not review, nor did he have access to, any of Mr. Whitehead's juvenile lifer resentencing recommendations or memoranda when he made the decision to terminate Mr. Whitehead's employment.  SJ Mem. at 10; Doc. No. 34-2 at 13 n.4.  During his deposition, however, Mr. Krasner testified that after he took office he had an opportunity to review some of Mr. Whitehead's juvenile resentencing memoranda, which he claimed corroborated his pre-termination opinion regarding Mr. Whitehead's harsh sentencing philosophy.  Krasner Tr. at 389:20-391:6.

During discovery, Michael Giampietro, Mr. Krasner's trusted advisor, testified that he also reviewed some of Mr. Whitehead's juvenile resentencing memoranda, for the first time, after Mr. Whitehead had been terminated by Mr. Krasner, and that his post-termination review of the said memoranda revealed evidence of Mr. Whitehead's rigidity and lack of judgment.  Giampietro Tr., 9/8/2020 at 55:12-56:10, Ex. B attached hereto. Similarly, Robert Listenbee, who was hired by Mr. Krasner to serve as a First Assistant

District Attorney in February of 2018, well after Mr. Whitehead's employment had been terminated, testified that he also reviewed some of Mr. Whitehead's juvenile resentencing recommendations and memoranda <u>after</u> Mr. Whitehead had been terminated, and concluded that they were "harsh, cruel," and not in accord with United States Supreme Court authority."  Listenbee Tr., 10/30/2020 at 8:23-9:23, 14:23-15:10, 19:13-22, 28:8-25, 31:20-36:16, 45:17-47:7, 48:25-50:8, 56:2-60:12, Ex. C attached hereto.

In discovery, Defendants produced a declaration from Chesley Lightsey, who worked with Mr. Whitehead in the DAO's Homicide Unit on the resentencing of juvenile lifers prior to Mr. Whitehead's termination.  Ms. Lightsey's declaration references and includes three juvenile resentencing memoranda authored by Mr. Whitehead from late October to early November 2017.  Lightsey Decl. 10/22/2020 at ¶¶8-10 and Exs. 1, 2, and 3, Ex. D attached hereto. It is undisputed that Mr. Krasner did not review these memoranda until <u>after</u> Mr. Whitehead's employment was terminated.  Krasner Tr. at 406:19-23.  Further, Mr. Krasner did not identify Ms. Lightsey as one of the individuals with whom he consulted about Mr. Whitehead prior to selecting Mr. Whitehead for termination.  Defendants claim that these memoranda corroborate Mr. Krasner's pre-termination opinion that Mr. Whitehead's approach to sentencing was extreme.

On November 2, 2020, Defendants moved for summary judgment on Plaintiffs' claims.  In their Statement of Material Facts ("SOMF") in support of the summary judgment motion, Defendants adopted Mr. Krasner's deposition testimony that Mr. Whitehead's termination was a result of his "extreme" approach to prosecution. Defendants further asserted in that submission:

5

45.   After he took office, Mr. Krasner had an opportunity to review some of Mr. Whitehead's juvenile resentencing memoranda, which further underscored the degree to which Mr. Whitehead's judgment and philosophy deviated from Mr. Krasner's.

> [M]any of the cases where he prepared a memo had not resulted in a sentencing yet.  So when I [sat] on that committee with many other people, very experienced people with homicides, and we would reconsider the recommendations they had made . . . Here is Mr. Whitehead recommending that someone who was involved in a homicide at age 16 should get 65 additional years . . . You know, when consistent with our philosophy, when we looked at this, and we looked at the factors the Supreme Court required, which weren't just the crime, and that was always Joe's main emphasis, which were the entire life of the defendant before, the impact on the victim, the crime itself and the entire life of the defendant after, when we look at all this stuff we came to conclusions that were significantly different.  They were sometimes 30 years different, 30, 35 years different . . . . So, our impressions were right.  Look, I respect the fact that Mr. Whitehead has a drastically different philosophy.  He's entitled to that.  If he wanted to run to be District Attorney and succeeded on that basis, then he could tell people that retained or that they are separated based upon his philosophy but he didn't.  I did.  And that means that it is my call and I made that call in his case.  Krasner Tr. at 389:20-391:6.

SOMF, 11/2/2020 at ¶45.  In the memorandum of law the Defendants filed in support of their summary judgment motion, the Defendants reiterated that Mr. Krasner terminated Mr. Whitehead's employment due to his "extreme" approach to prosecution, and rely upon Mr. Krasner's post-termination review of Mr. Whitehead's juvenile resentencing recommendations and memoranda as evidence in support thereof.  Defendants stated, "Mr. Whitehead's extreme mindset is demonstrated in juvenile resentencing memoranda he prepared in October/November 2017."  Def. Mem. of Law, 11/2/2020 at 13, n.4.  Defendants reiterated this defense in their Pretrial Memorandum filed on November 23,

6

2020, when they asserted that Mr. Whitehead was "extreme" in his approach to prosecution and that "Mr. Whitehead's extreme mindset is demonstrated in juvenile resentencing memoranda he prepared in October/November 2017." Def. Pretrial Mem.[2], Doc. No. 41 at 7.

In its Memorandum filed in support of its Order denying summary judgment, this Court noted that "Mr. Krasner also cites Mr. Whitehead's juvenile sentencing recommendations to corroborate his opinion of Mr. Whitehead's extreme prosecutorial strategy. . . However, as the City and Mr. Krasner concede, 'Mr. Krasner did not have access to these memoranda when he made the decision to terminate Mr. Whitehead.'" SJ Mem. at 10.

While Mr. Krasner's defense to Mr. Whitehead's claims centered around Mr. Whitehead's "extreme" approach to prosecution as evidenced by his juvenile resentencing recommendations and memoranda, Mr. Whitehead's response to the summary judgment motion included substantial evidence in rebuttal to Mr. Krasner's testimony, namely that Mr. Krasner had no access to any of the aforesaid information at the time he made the decision to terminate Mr. Whitehead's employment. Ultimately, the Court determined that Mr. Whitehead's factual presentation, coupled with proof of Mr. Krasner's public age-related remarks, were adequate to create genuine issues of material fact on the issues of pretext and Mr. Krasner's true motivation. Id. at 11.

---

[2] This statement was repeated in Defendants' second Pretrial Memorandum, filed on January 25, 2022. Doc. No. 61 at 8.

Against this background, in their second Pretrial Memorandum, filed on January 25, 2022, the Defendants identified as trial exhibits Mr. Whitehead's resentencing recommendations and memoranda, including those attached to Ms. Lightsey's declaration, which were not reviewed by Mr. Krasner, Mr. Giampietro, or Mr. Listenbee until <u>after</u> the decision was made to terminate Mr. Whitehead's employment.  (See Defendant's Proposed Exhibits D57, D70, and D88).  Defendants' second Pretrial Memorandum also identifies Mr. Giampietro, Mr. Listenbee, and Ms. Lightsey as witnesses Defendants intend to call at trial and it is anticipated that Defendants intend to elicit testimony from these witnesses related to Mr. Whitehead's juvenile lifer resentencing recommendations and memoranda not reviewed or considered by Mr. Krasner before he made the decision to terminate Mr. Whitehead's employment.

## II.   <u>ARGUMENT</u>

### A.   <u>Standards Governing *In Limine* Motions</u>

Courts have the inherent power to exclude evidence in order to "manage the course of trials."  <u>Luce v. United States</u>, 469 U.S. 38, 41 n.4 (1994); <u>see</u> <u>also</u> <u>Id</u>. at 40 n.2 (noting that purpose of a motion *in limine* is "to exclude anticipated prejudicial evidence before the evidence is actually offered"); <u>Bradley v. Pittsburgh Bd. of Educ.</u>, 913 F.2d 1064, 1068 (3d Cir. 1990) ("[A] motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.").  It is well-settled that the admission or exclusion of evidence at trial falls within the sound discretion of the trial court.  <u>Toledo Mack Sales & Serv., Inc. v. Mack Trucks, Inc.</u>, 2010 U.S. App. LEXIS 13827, at *8 (3d Cir. 2010) (quoting <u>United States v. Abel</u>, 469 U.S. 45, 54 (1984)).

**B.      Testimony and Evidence Pertaining to Mr. Whitehead's Juvenile Lifer Resentencing Recommendations and Memoranda Not Reviewed or Considered by Mr. Krasner Before he Made the Decision to Terminate Mr. Whitehead's Employment Should be Excluded From the Trial as Irrelevant.[3]**

"In determining whether to admit evidence, a court must make the threshold determination that the proffered evidence is relevant." N. Am. Roofing & Sheet Metal Co., Inc. v. Bldg. Constr. Trades Council of Phila. And Vicinity, 2005 U.S. Dist. LEXIS 241, at *6 (E.D. Pa. Jan. 10, 2005).  Fed. R. Evid. 401 provides that "[e]vidence is relevant if" it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action" (emphasis added).  Fed. R. Evid. 402 states that "[i]rrelevant evidence is not admissible."  Thus, if evidence offered by a party has no bearing on a material element of the case, it should be excluded.  Bhaya v. Westinghouse Elec. Corp., 922 F.2d 184, 187-189 (3d Cir. 1990); see also Inline Connection Corp. v. AOL Time Warner Inc., 470 F. Supp.2d 424, 433 (D. Del. 2007) ("[F]or a fact to be relevant it must be of consequence to the issue under determination"); Forrest v. Beloit Corp., 424 F.3d 344, 355 (3d Cir. 2005).

---

[3] On the other hand, testimony from Plaintiffs' supervisors at the DAO is relevant if not essential to rebut Mr. Krasner's testimony regarding his professed knowledge and opinions of Plaintiffs when he made the termination decisions.  For example, Plaintiffs would offer supervisory testimony to refute Mr. Krasner's sworn statement to the PHRC that he conducted "thirty-year job interview[s]" of Plaintiffs during which he "had extensive opportunities to observe and assess their professional competence, demeanor, and ethics," and to discredit Mr. Krasner's testimony that Mr. Whitehead was overly "extreme" in his approach to prosecution.  Plaintiffs' former supervisors are likely in the best position to establish that Mr. Krasner's testimony regarding his experiences with and views of Plaintiffs as of January 2018 are pretexts for discrimination.  Such evidence stands in stark contrast to the evidence of Mr. Whitehead's juvenile resentencing recommendations and memoranda obtained by Mr. Krasner after terminating Mr. Whitehead's employment.  Moreover, in its opinion denying summary judgment, the Court mentioned the relevance of supervisory testimony from Plaintiffs.  SJ Mem. at 11; Doc. No. 27-5 ¶¶22.

It is undisputed that Mr. Krasner, the sole decisionmaker, did not review any of Mr. Whitehead's juvenile resentencing recommendations or memoranda until <u>after</u> terminating Mr. Whitehead's employment.  As such, Mr. Whitehead's resentencing recommendations and memoranda are irrelevant, could not have formed the basis for Mr. Krasner's decision to terminate Mr. Whitehead's employment, and are reflective of an after-the-fact attempt by Defendants to justify Mr. Whitehead's termination.  <u>See Samuels v. Albert Einstein Med. Ctr.</u>, Civil Action No. 97-3448, U.S. Dist. LEXIS 17320, at 12-13 (E.D. Pa. Nov. 4, 1998) ("After the fact evidence is often irrelevant to a person's intent, knowledge, or state of mind at an earlier time"); <u>Kimble v. Morgan Properties</u>, No. Civ. A.02-CV-9359, 2005 WL 2847266, at *4 (E.D. Pa. Oct. 25, 2005) (court precluded from trial of employment discrimination case as irrelevant, evidence pertaining to events that occurred two years after decision was made to terminate plaintiff's employment).

Mr. Krasner's testimony regarding his asserted reasons for terminating Mr. Whitehead's employment should be limited to what Mr. Krasner knew or believed as of the time the decision was made.  Mr. Krasner did not discuss Mr. Whitehead's resentencing recommendations or memoranda with Mr. Giampietro, Mr. Listenbee, or Ms. Lightsey until <u>after</u> selecting Mr. Whitehead for termination.   Mr. Giampietro admitted during his deposition that he did not review any of Mr. Whitehead's juvenile resentencing recommendations or memoranda until <u>after</u> Mr. Whitehead's termination. Mr. Giampietro also admitted that he did not become involved in the juvenile lifer resentencing program until <u>after</u> he commenced employment in the DAO in February

2018.  Giampietro Tr. at 55, 56.  Accordingly, Mr. Krasner could not have relied upon any information Mr. Giampietro may have provided to him regarding Mr. Whitehead's juvenile resentencing recommendations or memoranda in selecting Mr. Whitehead for termination, and any testimony related thereto should be determined to be irrelevant.

Moreover, Mr. Listenbee did not commence employment with the DAO until February 2018, which was well after Mr. Krasner had terminated Mr. Whitehead's employment.  It is undisputed that Mr. Listenbee had no discussions with Mr. Krasner about Mr. Whitehead until after Mr. Listenbee's hire.  Listenbee Tr. at 14:13-22.  In fact, Mr. Listenbee admitted that he did not review any of Mr. Whitehead's juvenile resentencing recommendations or memoranda until approximately one month before his October 30, 2020 deposition.  Listenbee Tr. at 29:16-30:7. Thus, nothing that Mr. Listenbee may have said to Mr. Krasner about Mr. Whitehead could have formed the basis for Mr. Krasner's decision to terminate Mr. Whitehead's employment and, therefore, his testimony should be deemed irrelevant.

Further, the three juvenile resentencing memoranda attached to Ms. Lightsey's declaration, which were authored by Mr. Whitehead in late October/early November 2017, should have no place in the trial.  They were not reviewed or considered by Mr. Krasner (or Mr. Listenbee or Mr. Giampietro) until after Mr. Whitehead's employment had been terminated.  Nor did Mr. Krasner identify Ms. Lightsey as an individual with whom he consulted about Mr. Whitehead prior to selecting Mr. Whitehead for termination.  Accordingly, Ms. Lightsey has no relevant evidence to offer.

**C.      Testimony and Evidence Pertaining to Mr. Whitehead's Juvenile Lifer Resentencing Recommendations and Memoranda Not Reviewed or Considered by Mr. Krasner Before he Made the Decision to Terminate Mr. Whitehead's Employment Should be Excluded From the Trial Because the Probative Value, If Any, Is Substantially Outweighed by Dangers of Unfair Prejudice, Confusion, Waste of Time, and Undue <u>Delay</u>.**

Fed. R. Evid. 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  "Rule 403 recognizes that a cost/benefit analysis must be employed to determine whether or not to admit the evidence."  <u>Coleman v. Home Depot, Inc.</u>, 306 F.3d 1333, 1343 (3d Cir. 2002).  In determining whether to admit or exclude evidence under Rule 403, "the proper equation places on one side the maximum reasonable probative force for the offered evidence, while the other side of the equation should include the likely prejudicial impact of the evidence."  <u>Id</u>. at 1344 (quotation omitted).  Furthermore, "evidence may be excluded [under Rule 403] if its probative value is not worth the problems that its admission may cause."  <u>Id</u>. at 1343.

Even if the testimony and evidence sought to be excluded had some minimal relevance (which it does not), the jury should not be allowed to hear it based on the provisions of Rule 403.  Should the Court allow the Defendants to present testimony and evidence concerning Mr. Whitehead's juvenile resentencing recommendations and memoranda, there would need to be a series of collateral mini-trials on each of these juvenile cases for the jury to determine the reasonableness of Mr. Whitehead's

recommendations.  See <u>Blancha v. Raymark Indus.</u>, 972 F.2d 507, 516 (3d Cir. 1992)

(evidence can be excluded when its admission would lead to litigation of collateral issues

which might distract the jury from the main issues); <u>Snodgrass v. Ford Motor Co.</u>, Civ.

A. No. 96-1814 (JBS), 2002 WL 485688, at *12 (D.N.J. Mar. 28, 2002) (citing <u>Blancha</u>).

This would cause a delay in the proceedings and waste a significant amount of time.  <u>See</u>

<u>Martinelli v. Penn Millers Insubordination Co</u>., No. 3:CV-02-2292, 2007 U.S. Dist.

LEXIS 118159, at *20-21 (M.D. Pa. Mar. 19, 2007).

      Moreover, the presentation of said testimony and evidence by the Defendants

would likely divert the jury's attention from the real issues at hand.  Said testimony and

evidence could improperly be relied upon by the jury to legitimize Mr. Krasner's decision

even though Mr. Krasner testified that he did not review Plaintiff Whitehead's juvenile

lifer resentencing recommendations or memoranda, nor did he discuss those

recommendations or memoranda with Mr. Giampietro, Mr. Listenbee, or Ms. Lightsey,

until <u>after </u>he made the decision to terminate Plaintiff Whitehead's employment.  The

potential for unfair prejudice to Plaintiffs would be real.  <u>Ansell v. Green Acres Constr.</u>

<u>Co.</u>, 347 F.3d 515, 525 (3d Cir. 2003) (quoting <u>Wagenmann v. Adams</u>, 829 F.3d 196, 217

(1st Cir. 1987)).  Therefore, even if there were any probative value to introducing said

testimony and evidence, it should be barred by Rule 403.

## III.   <u>CONCLUSION</u>

      For the foregoing reasons, Plaintiffs respectfully request that this Court enter the

proposed form of Order submitted herewith, precluding the Defendants from presenting

testimony or evidence pertaining to Plaintiff Whitehead's juvenile lifer resentencing

recommendations and memoranda not reviewed or considered by Defendant Lawrence

Krasner before he made the decision to terminate Plaintiff Whitehead's employment.


SIDNEY L. GOLD & ASSOC., P.C.              SIDKOFF, PINCUS & GREEN, P.C.

*/s/Sidney L. Gold, Esquire*                */s/Robert A. Davitch, Esquire*
SIDNEY L. GOLD, ESQ. *(21374)*              ROBERT A. DAVITCH, ESQ.
TRACI M. GREENBERG, ESQ.*(86396)*           SAMANTHA F. GREEN, ESQ.
1835 Market St., Suite 515                  1101 Market Street
Philadelphia, PA 19103                      Suite 2700
*Attorneys for Plaintiffs*                   Philadelphia, PA 19107
                                            (215) 574-0600
DATED: 07/01/2022                           *Attorney for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

We hereby certify that *Plaintiffs' Motion in Limine to Preclude Testimony and Evidence Pertaining to Plaintiff Whitehead's Juvenile Lifer Resentencing Recommendations and Memoranda Not Reviewed or Considered by Defendant Lawrence Krasner Before He Made the Decision to Terminate Plaintiff Whitehead's Employment* were served via ecf on this date upon the following:

Lisa A. Swiatek, Esq.
Benjamin Patchen, Esq.
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
Lisa.Swiatek@Phila.gov
Benjamin.Patchen@Phila.gov

David Smith, Esq.
Anne Kane, Esq.
Samantha Banks, Esq.
Schnader, Harrison, Segal & Lewis
1600 Market Street, #3600
Philadelphia, PA 19103
DSmith@schnader.com
AKane@schnader.com
**Counsel for Defendants**

SIDNEY L. GOLD & ASSOC., P.C.          SIDKOFF, PINCUS & GREEN, P.C.

*/s/Sidney L. Gold, Esquire*               */s/Robert A. Davitch, Esquire*
SIDNEY L. GOLD, ESQ. *(21374)*         ROBERT A. DAVITCH, ESQ.
TRACI M. GREENBERG, ESQ.*(86396)*      SAMANTHA F. GREEN, ESQ.
1835 Market St., Suite 515             1101 Market Street
Philadelphia, PA 19103                 Suite 2700
*Attorneys for Plaintiffs*               Philadelphia, PA 19107
                                       (215) 574-0600
DATED: 07/01/2022                      *Attorney for Plaintiffs*