IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS VEGA and JOSEPH WHITEHEAD, JR.,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF PHILADELPHIA and LAWRENCE KRASNER,<br><br>*Defendants*. | Civil Action No. 2:19-cv-04039 |

# ORDER

AND NOW, this _____ day of _____, 2022 upon consideration of Plaintiffs' motion in limine to preclude testimony or evidence pertaining to Mr. Vega's participation, involvement, or conduct as a prosecutor in any specific case other than Scott/Muhammed as a reason for Mr. Vega's termination, and Defendants' response in opposition thereto, it is hereby ORDERED that Mr. Vega's motion in limine is DENIED.

_____
The Honorable Gene E.K. Pratter
U.S. District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS VEGA and JOSEPH WHITEHEAD, JR.,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>CITY OF PHILADELPHIA and LAWRENCE KRASNER,<br><br>    *Defendants*. | Civil Action No. 2:19-cv-04039 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF PLAINTIFF CARLOS VEGA'S CONDUCT AS A PROSECUTOR IN ANY CASE OTHER THAN SCOTT/MUHAMMED AS A REASON FOR PLAINTIFF VEGA'S TERMINATION**

I.   **Introduction**

       Defendant Lawrence S. Krasner was sworn in as the District Attorney for the City of Philadelphia on January 2, 2018. Upon being sworn in, Mr. Krasner terminated the employment of 30 attorneys, including plaintiff Carlos Vega.

       Mr. Krasner stated in his agency filings that he decided to terminate Mr. Vega's employment because he concluded that Mr. Vega did not have the qualities he needed for his visions of a more progressive, capable, and ethical prosecutor's office. Mr. Krasner formed a negative opinion of Mr. Vega during the *Scott/Muhammed* case they tried against each other in 2016. During discovery and at trial in *Scott/Muhammed*, Mr. Vega engaged in conduct that Mr. Krasner deemed unacceptable and unethical.

But Mr. Krasner had knowledge of Mr. Vega's reputation long before the *Scott/Muhammed* trial. Mr. Krasner testified at his deposition about his opinion of Mr. Vega as follows:

> No. I mean, you know, as I said, with Vega and Whitehead, I had some very significant, direct experience and their reputations preceded them for certain things, goods and bad. In my opinion, too much of a bad. . . .

Krasner tr. at 222:21-223:19, attached as Ex. A

And when asked about the basis for his opinion of Mr. Vega, Mr. Krasner testified:

> *Q. Are there any other documents that you reviewed with regard to these decisions that in any way reflected these four plaintiffs' ability to work hard, whether they were talented or had an intact moral compass?*
>
> A. I think the short answer is no. There's just tons of experience and reputation.

*Id.* at 223:20-224:9

Mr. Vega was well known among the criminal bar, and he had a reputation for being a skilled, but aggressive and often unprepared prosecutor. Moreover, Mr. Krasner had many interactions with Mr. Vega during discovery leading up to the *Scott/Muhammed* trial, which lasted for five years. And several months before the *Scott/Muhammed* trial, Mr. Vega was in the news for infamously losing the retrial of Anthony Wright, a high-profile murder case in which Mr. Wright was exonerated after serving nearly 25 years in prison.

Mr. Vega's reputation, including but not limited to his involvement in the misguided re-trial Anthony Wright and disgraceful conduct during the *Scott/Muhammed* trial, were all considered as factors in Mr. Krasner's decision to terminate Mr. Vega's employment.

II. **Argument**

    A.    **Standard of Review**

The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Bradley v. Pittsburgh Bd. Of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990). The trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds. *Williams v. Benshetrit*, No. 19-cv-00797, 2022 U.S. Dist. LEXIS 7378, at *6 (E.D. Pa. Jan. 13, 2022) (internal citation omitted). A trial court considering a motion in limine may reserve judgment until trial in order to place the motion in the appropriate factual context. *Id.*

    B.    **Evidence of Mr. Vega's Conduct As a Prosecutor Cases Other Than *Scott/Muhammed* is Relevant Because It Was A Factor in Mr. Krasner's Decision to Terminate Mr. Vega's Employment.**

The Court should deny Plaintiffs' motion to preclude all testimony and evidence of Mr. Vega's involvement and participation in any cases other than *Scott/Muhammed* as a factor in Mr. Krasner's decision to terminate his employment because his motion is both overly broad and incorrect. Mr. Krasner considered many factors when deciding to discharge Mr. Vega from the District Attorney's Office ("DAO"), and each of those factors is relevant to the defense of Mr. Vega's claims.

Plaintiffs' motion is overly broad, and, most significantly, based on a false premise.  Mr. Krasner considered Mr. Vega's conduct as a prosecutor in cases other than *Scott/Muhammed* when deciding to terminate his employment, so that evidence is relevant.

Plaintiffs deposed Mr. Krasner for nearly 14 hours.  They repeatedly asked Mr. Krasner about his opinion of Mr. Vega based on the *Scott/Muhammed* case.  But at no point through discovery have Plaintiffs ask Mr. Krasner about whether he considered any of Mr. Vega's other cases when deciding to terminate Mr. Vega's employment.  And at no point throughout discovery have Plaintiffs asked Mr. Krasner to identify every factor he considered when deciding to terminate Mr. Vega's employment. As Mr. Vega repeatedly asserts, he worked for the DAO for 35 years, prosecuting over 400 cases during that time.[1]  Just because Plaintiffs failed to ask the "catch-all" question should not mean that they should now be able to preclude Mr. Krasner from testifying about the complete basis for his decision to discharge Mr. Vega from the DAO.

Defendants have consistently maintained that Mr. Krasner has a negative opinion of Mr. Vega's ethics and trustworthiness, and he believes that as a prosecutor, Mr. Vega used unethical results and abused his power to achieve his desired results.   The *Scott/Mohammed* trial was a significant factor in Mr. Krasner's opinion of Mr. Vega, but not the only factor.  Although Defendants did not specifically reference any other cases from Mr. Vega's prosecutorial record in their summary judgment motion that should not limit the defense defendants' present at trial. *See United Incentives, Inc. v. Sea Gull Lighting Prods., Inc.*, CIVIL ACTION NO. 91-0226,

---

[1] https://www.vegaforda.com/meet-carlos/#:~:text=Carlos%20was%20the%20first%20Latino,law%20enforcement%20along%20the%20way.

1993 U.S. Dist. LEXIS 6390, at *3 (E.D. Pa. May 3, 1993) (noting parties are not limited at trial to evidence produced in support of an unsuccessful summary judgment motion).

The bar for relevancy is low, *SEC v. McDermott*, No. 19-4229-KSM, 2022 U.S. Dist. LEXIS 112726, at *5 (E.D. Pa. June 24, 2022)(quoting *Phila. Workforce Dev. Corp. v. KRA Corp.*, 673 F. App'x 183, 190 (3d Cir. 2016)), and the evidence that Mr. Krasner considered in deciding to terminate Mr. Vega's employment far exceeds this threshold.  The evidence of the basis for Mr. Krasner's decision *is* his legitimate nondiscriminatory reason for discharging Mr. Vega, and should therefore be admissible.

### C. Evidence of Mr. Vega's Conduct As a Prosecutor Cases Other Than *Scott/Muhammed* Does Not Create Any Risk of Unfair Prejudice, Confusion, Waste of Time, and Undue Delay

Evidence of Mr. Vega's involvement in criminal cases other than *Scott/Muhammed* is admissible because it goes to the heart of Plaintiff's pretext claim, and its probative value is not substantially outweighed by any dangers of unfair prejudice, confusion, waste of time, and undue delay. Under Federal Rule of Evidence 403, relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  As stated, Mr. Krasner considered Mr. Vega's reputation among the criminal bar *and* his 35 year prosecutorial record at the DAO – including his infamous involvement in the Anthony Wright retrial and his misconduct during the *Scott/Muhammed* case in deciding to terminate Mr. Vega's employment.  Therefore, this evidence's value is highly probative and outweighs any speculative claims of danger raised by Plaintiffs.

There is no risk of confusion or unfair prejudice resulting from admitting this evidence.  Plaintiffs argued in opposition to Defendants' motion for summary judgment that Mr.

Krasner has given "shifting reasons" for terminating Mr. Vega's employment.  Plaintiffs will have the opportunity to explore that with Mr. Krasner on cross examination.  The probative value of this evidence is high because it goes to the heart of Plaintiffs' pretext argument. And even if this evidence paints Mr. Vega in a bad light by highlighting parts of his prosecutorial record that he would prefer not to be in front of a jury, this factor alone does not substantially outweigh the probative value of the evidence. *See United States v. Christy*, No. 3:18-CR-223, 2019 U.S. Dist. LEXIS 24415, at *20 (M.D. Pa. Feb. 14, 2019); *see also United States v. Chambers*, 441 F.3d 438, 456 (6th Cir. 2006) ("Evidence that is prejudicial only in the sense that it paints the defendant in a bad light is not unfairly prejudicial pursuant to Rule 403.").  As such, the Court should deny Mr. Vega's motion in limine to preclude Defendants from offering evidence of Mr. Vega's participation, involvement, and conduct as a prosecutor in cases other than *Scott/Mohammed*.

### D. In the Alternative, the Court Should Reserve Judgment on Mr. Vega's Motion in Limine Until Trial

In the alternative, the Court should reserve judgment on Mr. Vega's motion until trial, when the Court can weigh the evidence presented in its totality.  As the Third Circuit explained "motions in limine often present issues for which final decision is best reserved for a specific trial situation, especially when the evidence is challenged as irrelevant or prejudicial, because the considerations weighed by the court will likely change as the trial progresses; as such, rulings excluding evidence based on Rule 403 should rarely be made in limine." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n. 10 (3d Cir. 1997); *see also Kraemer v. Franklin & Marshall College,* No. 95-0020, 1995 U.S. Dist. LEXIS 17089, 1995 WL 689361, at *1 (E.D. Pa. Nov. 13, 1995) (declining to rule on whether to exclude testimony before it has been placed into a specific context at trial); *see also Altana Pharma AG v. Teva Pharm. USA, Inc.,* No. 04-

2355, 2013 U.S. Dist. LEXIS 74243 *5 (D.N.J. May 14, 2013) (noting it is generally appropriate for courts to reserve judgment on a motion in limine until trial). If the Court declines to deny Mr. Vega's motion outright, the Court should instead reserve judgment on Mr. Vega's motion until the record is developed at trial.

III.    **Conclusion**

For the foregoing reasons, the Court should deny Plaintiffs' motion in limine to preclude testimony and evidence of Mr. Vega's participation, involvement, and conduct in any case other than *Scott/Muhammed*. In the alternative, Defendants respectfully request that the Court reserve judgment on the admissibility of the testimony and evidence at issue until trial.

Respectfully submitted,

*/s/ Lisa Swiatek*
Lisa A. Swiatek, Esquire
City of Philadelphia Law Department
Labor and Employment Unit
1515 Arch Street, 16th Floor
Philadelphia, PA 19102

*Counsel for City of Philadelphia*

and

*/s/ David Smith*
David Smith, Esquire
Anne Kane, Esquire
Samantha Banks, Esquire
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 191013

*Counsel for Lawrence S. Krasner*

Date: July 22, 2022