IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS VEGA *et al.*, | : | |
| *Plaintiffs* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA *et al.*, | : | No. 19-4039 |
| *Defendants* | : | |

## ORDER

AND NOW, on this 16th day of September, 2022, upon consideration of Plaintiffs' Motion *in Limine* to Preclude Testimony and Evidence of or Related to (A) Statements Made by Plaintiff Vega and Defendant Krasner During Or In Connection With Their Campaigns Relating to the 2021 Democratic Primary election for Philadelphia DA, and (B) the Lawsuit Plaintiff Vega Filed in May 2021 In State Court in Philadelphia (Doc. No. 79) and the responses and replies thereto (Doc. Nos. 84, 92), it is hereby **ORDERED** that the Motion (Doc. No. 79) is **DENIED WITHOUT PREJUDICE**.[1]

BY THE COURT:

*/s/ Gene E.K. Pratter*
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs argue that evidence pertaining to statements made by Mr. Vega and Mr. Krasner as part of their respective campaigns are irrelevant under Fed. R. Evid. 402 because these statements were made after Mr. Krasner made the decision to terminate Mr. Vega. Plaintiffs' motion is broad and does not identify any particular statements to be excluded. The Court will therefore reserve judgment as to the relevance of any statement until it has been raised at trial.

Plaintiffs also argue that evidence pertaining to the May 2021 lawsuit is irrelevant because it describes events that occurred after Mr. Krasner made the decision to terminate Mr. Vega's job. But Mr. Vega's sworn statements in that lawsuit concerning events that took place *prior to* Mr. Krasner's decision, particularly those that arguably may have influenced Mr. Krasner's decision, may be relevant. The Court will reserve judgment as to any particular evidence pertaining to the 2021 lawsuit until it has been raised at trial.

1