# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS VEGA,** | : | **CIVIL ACTION NO: 19-4039 (GEKP)** |
|          **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| | : | |
|          **Defendant** | : | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Carlos Vega, by and through his counsel, hereby submits the following Proposed Jury Instructions. In addition to the attached instructions, which are specific to the claims raised in this matter, it is requested that the Court provide the jury with the Third Circuit's "General Instructions for Civil Cases," as set forth in Chapters 1-3 of the Third Circuit Court of Appeals' Model Civil Jury Instructions. Mr. Vega reserves the right to make changes to and supplement these instructions based upon either developments at trial or any errors and/or omissions in the submissions.

**SIDKOFF, PINCUS & GREEN, P.C.**

/s/ Robert A. Davitch
Robert A. Davitch, Esq.
Samantha F. Green, Esq.
1101 Market Street, Suite 2700
Philadelphia, PA 19107
(215) 574-0600 – Office
(215) 574-0310 – Fax
rad@sidkoffpincusgreen.com

Attorneys for Plaintiff, Carlos Vega

Date: November 14, 2022

**SIDNEY L. GOLD & ASSOCIATES, P.C.**

/s/ Sidney L. Gold
Sidney L. Gold, Esq.
Traci M. Greenberg, Esq.
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999 – Office
SGold@DiscrimLaw.net

Attorneys for Plaintiff, Carlos Vega

# PLAINTIFF'S PROPOSED JURY INSTRUCTION #1
Age Discrimination in Employment Act ("ADEA") *and Pennsylvania Human Relations Act ("PHRA") – Statutes Involved*

The Plaintiff, Carlos Vega, has brought this lawsuit under the Age Discrimination in Employment Act, also called the ADEA. The purpose of the ADEA is to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals who are 40 years of age or older based on their age.

The ADEA makes it unlawful for an employer to discriminate against an individual who is 40 years of age or older, with respect to his or her compensation, terms, conditions, or privileges of employment, because of his or her age.

*Mr. Vega has also made a claim under a State Civil Rights statute that prohibits age discrimination against an employee, if that person is 40 years of age or older. This statute is known as the Pennsylvania Human Relations Act or "PHRA."*

Authority: Model Employment Law Jury Instructions, Faculty of Federal Advocates, 2013, No. 36 (modified).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION #2**
ADEA/*PHRA* Introductory Instruction

In this case, Mr. Vega makes a claim under **both** Federal **and Pennsylvania** Civil Rights statutes that prohibit age discrimination against an employee, if that person is 40 years of age or older. *As I have stated,* these statutes are known as the Age Discrimination in Employment Act or "ADEA" *and the Pennsylvania Human Relations Act or "PHRA."*

Specifically, Mr. Vega claims that his employment was terminated by the Defendant, the City of Philadelphia ("City"), because of his age.

The City denies that Mr. Vega was discriminated against because of his age. Further, the City asserts that it cannot be held liable for Mr. Vega's termination because it had legitimate, non-discriminatory reasons for doing so. *Mr. Vega asserts that age was a determinative factor in the City's decision to terminate his employment and that the City's reasons for terminating his employment are not the true reasons.*

I will now instruct you more fully on the issues you must address in this case.

Authority: Third Circuit Model Civil Jury Instruction 8.0 (modified)

# PLAINTIFF'S PROPOSED JURY INSTRUCTION #3
Discrimination Imputed to City

If you find that Mr. Krasner terminated Mr. Vega's employment with the City because of his age, you must find that the City is liable to Mr. Vega for the action of Mr. Krasner.


Authority: Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 760-61 (1998); Bray v. Marriott Hotels, 110 F.3d 986, 992 (3d Cir. 1997) ("An employer can act only through individual supervisors and employees; discrimination is rarely carried out pursuant to a formal vote of a corporation's board of directors" (*quoting* Meritor Sav. Bank. FSB v. Vinson, 477 U.S. 57, 75 (1986) (Marshall, J., concurring)); 29 U.S.C. § 630 (defining "employer" to include "any agent")

# PLAINTIFF'S PROPOSED JURY INSTRUCTION #4
*ADEA and PHRA Causes of Action – Same Standard*

The ADEA and the PHRA should be evaluated under the same legal standard. Therefore, if you find that Mr. Vega has satisfied his burden of proof on one of those claims, you must also find that he has satisfied his burden as to the other. Conversely, if you find that Mr. Vega has failed to satisfy his burden of proof on one of those claims, you must also find that Mr. Vega has failed to satisfy his burden of proof as to the other.

Authority: McCrumb v. Union R.R. Co., LLC, 2022 U.S. Dist. LEXIS 166260, at *30 (W.D. Pa. Sept. 14, 2022) (citing Kautz v. Met-Pro Corp., 412 F.3d 463, 466 n.1 (3d Cir. 2005) ("the same legal standard applies to both the ADEA and the PHRA and therefore it is proper to address them collectively").

# PLAINTIFF'S PROPOSED JURY INSTRUCTION #5
Elements of an ADEA/*PHRA* Claim – Disparate Treatment

In this case, Mr. Vega is alleging that the City terminated his employment because of his age. In order for Mr. Vega to recover on this discrimination claim against the City, Mr. Vega must prove that the City intentionally discriminated against him. This means that Mr. Vega must prove that his age was a determinative factor in the City's decision to terminate his employment.

To prevail on this claim, Mr. Vega must prove both of the following by a preponderance of the evidence:

First: The City terminated Mr. Vega's employment; and

Second: Mr. Vega's age was a determinative factor in the City's decision.

Although Mr. Vega must prove that the City acted with the intent to discriminate, Mr. Vega is not required to prove that the City acted with the particular intent to violate Mr. Vega's federal *or state* civil rights. Moreover, Mr. Vega is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

You should weigh all of the evidence received in the case in deciding whether the City intentionally discriminated against Mr. Vega. For example, you have been shown statistics in this case. Statistics are one form of evidence from which you may find, but are not required to find, that the City intentionally discriminated against Mr. Vega. You should evaluate statistical evidence along with all the other evidence received in the case in deciding whether the City intentionally discriminated against Mr. Vega.

The City has given nondiscriminatory reasons for its termination of Mr. Vega's employment. If you believe the City's stated reasons and if you find that Mr. Vega's termination would have occurred because of the City's stated reasons regardless of Mr. Vega's age, then you

must find for the City.  If you disbelieve the City's stated reasons for its conduct, then you may, but need not, find that Mr. Vega has proved intentional discrimination.  In determining whether the City's stated reasons for its actions were a pretext, or excuse, for discrimination, you may not question the City's business judgment.  You cannot find intentional discrimination simply because you disagree with the business judgment of the City or believe it is harsh or unreasonable.  You are not to consider the City's wisdom.  However, you may consider whether Mr. Vega has proven that the City's reason is merely a cover-up for discrimination.

Ultimately, ***for Mr. Vega to succeed on his age discrimination claim,*** you must decide whether Mr. Vega has proven that his age was a determinative factor in the City's decision to terminate his employment.  ***Mr. Vega need not prove that age was the employer's sole or exclusive consideration.***  "Determinative factor" means that ***age made a difference in the decision.  An employer may be held liable for age discrimination even if other factors contributed to the employer making the challenged decision, so long as age was the factor that made a difference.***  [~~that if not for the plaintiff's age, the termination would not have occurred.~~]

In deciding whether age was a determinative factor, you must be careful to distinguish age from other factors that are not dependent on age. [~~For example, if [defendant's] action was based on [plaintiff's] seniority, this is not an age-dependent decision.  A person's seniority is based on time with the employer, and this is not the same factor as the person's age.  Thus an employer does not violate the ADEA just by interfering with an older employee's benefits that would have vested by virtue of the employee's years of service.~~]]

Authority:  Third Circuit Model Civil Jury Instruction 8.1.1 (modified).  <u>Chipollini v. Spencer Gifts, Inc.</u>, 814 F.2d 893, 897 (3d Cir. 1987); <u>Smith v. City of Allentown</u>, 589 F.3d 684, 690 (3d Cir. 2009).  Model Employment Law Jury Instructions, Faculty of Federal Advocates, 2013, No. 37

# PLAINTIFF'S PROPOSED JURY INSTRUCTION #6
Pretext

Mr. Vega claims that the City's stated reason**s** for its adverse employment action ***are*** not the true reasons, but instead ***they are*** a pretext (an excuse) to cover up for age discrimination. If you do not believe one or more of the reasons the City offered for Mr. Vega's termination, then you may, but are not required to, infer that age was a factor that made a difference in the City's decision. Mr. Vega need not disprove every reason stated by the City in order to prove pretext.

Mr. Vega may show that the City's stated reasons for its decision are pretextual (not the true reason) in any of several ways. Some examples of ways (although these are not the only ways) in which you may determine that the City's stated reasons are pretext are:

Evidence that any one of the City's stated reasons for the decision are false; or

Evidence that any one of the City's stated reasons for the decision are contradictory; or

Evidence that any one of the City's stated reasons for the decision are implausible; or

The criteria used to evaluate Mr. Vega was entirely subjective.

If you find pretext, you may, but are not required to infer that age was the factor that made a difference in the City's treatment of Mr. Vega.

Authority: Model Employment Law Jury Instructions, Faculty of Federal Advocates, 2013, No. 38 (modified).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION #7
Pretext – Comparators

Another way to prove pretext is to show that the employer treated one or more similarly-situated substantially (or sufficiently) younger employees, known as comparators, more favorably than it treated the Plaintiff. There is no bright line age difference to satisfy the substantially (or sufficiently) younger requirement to give rise to an inference f discrimination and even a comparator who is over the age of 40 can mee the substantially (or sufficiently) younger standard if the age gap between the plaintiff and the comparator is sufficiently wide. Accordingly, if for example you find that when the decisionmaker, Mr. Krasner, terminated Mr. Vega's employment, the City retained one or more substantially younger employees with the same or similar job functions, salary, responsibilities, or other factors relevant to the particular workplace, you may, but are not required to infer that Mr. Vega's age was a factor that made a difference in the decision and that the City's stated reasons are a pretext.

Authority: <u>Willis v. UPMC Children's Hosp. Of Pittsburgh</u>, 808 F.3d 638, 645 (3d Cir. 2015); <u>Monaco v. Am. Gen. Assur. Co.</u>, 359 F.3d 296, 305-306 (3d Cir. 2004); <u>Simpson v. Kay Jewelers</u>, 142 F.3d 639, 645 (3d Cir. 1998); <u>Waldron v. SL Industries, Inc.</u>, 56 F.3d 491, 499-500 (3d Cir. 1995); <u>Showalter v. University of Pittsburgh Medical</u>, 190 F.3d 231, 236 (3d Cir. 1999) (quoting <u>Sempier v. Johnson & Higgins</u>, 45 F.3d 724, 729 (3d Cir. 1995))

# PLAINTIFF'S PROPOSED JURY INSTRUCTION #8
Pretext – Lack of Documentation

A lack of contemporaneous documentation concerning the reasons for an employee's termination or the lack of documentation reflecting criteria used in selecting an employee for termination can also give rise to an inference that age was a factor that made a difference in the termination decision and that the employer's stated reasons are a pretext. Thus, if for example you find that the decisionmaker, Mr. Krasner, failed to document the reasons for his decision to terminate Mr. Vega's employment, or that he failed to document any criteria he relied on in making his decision, you may, but are not required to, find that the City's stated reasons are a pretext.

Authority: Johnson v. Verizon Servs. Corp., No. CV 16-01023, 2017 WL 1397240 (E.D.Pa. Apr. 18, 2017) (citing Goosby v. Johnson & Johnson Med. Inc., 228 F.3d 313, 320 (3d Cir. 2000)).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION #9
Pretext – Work Performance

Proof of an employee's good work performance over a sustained period, in conjunction with other evidence, can be used to establish pretext for a discriminatory motive where the employer purports to rely on recent examples of alleged poor performance in making the termination decision. Thus, if for example you find that Mr. Vega's performance record with the City was good over a sustained period prior to his termination, before criticisms were made of his more recent performance by the decisionmaker, you may, but are not required to find that the City's stated reasons are a pretext.

Authority: Tomasso v. The Boeing Co., 445 F.3d 702, 708 (3d Cir. 2006); Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1073 (3d Cir. 1996); Wright v. Northampton Community College, Civil Action No. 18-2976, 2020 WL 3050707, at * 11 (June 8, 2020).

# PLAINTIFF'S PROPOSED JURY INSTRUCTION #10
ADEA/*PHRA* – Age Related Remarks

Mr. Vega may prove discriminatory intent under the ADEA and PHRA, either directly or indirectly, by offering evidence of remarks that are age-related. In considering the weight to place on this evidence, you may consider the following factors:

1. Whether the remarks were close in time to the termination at issue,

2. Whether the remarks were made by an individual with authority over the employment decision at issue; and

3. Whether the remarks were connected to the employment decision at issue.

A single spoken statement referring to age, standing along, may, but does not necessarily, prove an intent to discriminate. Such a statement, if you believe it occurred, is like any other evidence and you may consider it or reject it in light of all of the facts as you find those facts to be.


Authority: Model Employment Law Jury Instructions, Faculty of Federal Advocates, 2013, No. 40.

# PLAINTIFF'S PROPOSED JURY INSTRUCTION #11
ADEA/*PHRA* Damages – Back Pay

If you find that the City intentionally discriminated against Mr. Vega in terminating his employment, then you must determine the amount of damages that the City's actions have caused Mr. Vega. Mr. Vega has the burden of proving damages by a preponderance of the evidence.

You must award as actual damages an amount that reasonably compensates Mr. Vega for ***(1)*** any ***back pay or*** lost wages ***from January 2018 through November 21, 2021***, ***(2) and any back pay for loss of the value of benefits under the City's retirement program,*** taking into consideration any increases in salary and benefits, including pension, that Mr. Vega would have received from the City had Mr. Vega not been the subject of the City's intentional discrimination.

Back pay damages, if any, apply from the time Mr. Vega was terminated ***until his planned retirement date of November 21, 2021***.

You must reduce any award by the amount of the expenses that Mr. Vega would have incurred in making those earnings.

If you award back pay, you are instructed to deduct from the back pay figure whatever wages Mr. Vega has obtained from other employment during this period. [~~However, please note that you should not deduct social security benefits, unemployment compensation, and pension benefits from an award of back pay.~~]

You are further instructed that Mr. Vega has a duty to mitigate his damages - - that is Mr. Vega is required to make reasonable efforts under the circumstances to reduce his damages. It is the City's burden to prove that Mr. Vega has failed to mitigate. So if the City persuades you, by a preponderance of the evidence, that Mr. Vega failed to obtain substantially equivalent job

opportunities that were reasonably available to him, you must reduce the award of damages by the amount of the wages that Mr. Vega reasonably would have earned if he had obtained those opportunities.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

Authority: Third Circuit Model Civil Jury Instruction 8.4.2 (modified)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION #12
ADEA Damages – Liquidated Damages

If you find that Mr. Vega is entitled to recover **back pay** damages for lost wages or benefits, then I will also ask you to decide a further question: whether the City's conduct was willful. For purposes of your answer to that question, Mr. Vega has the burden of proving willfulness by a preponderance of the evidence.

You must find that the City's violation of the ADEA to be willful if the City knew or showed reckless disregard for whether the termination of Mr. Vega's employment was prohibited by the law. To establish willfulness it is not enough to show that the City acted negligently. If you find that the City did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, then the City's conduct was not willful.

Authority: Third Circuit Model Civil Jury Instruction 8.4.3

**PLAINTIFF'S PROPOSED JURY INSTRUCTION #13**
ADEA Damages – Front Pay

You may determine and award separately a monetary amount equal to the present value of any future ***health insurance*** benefits that Mr. Vega would reasonably have earned from the City had he not been terminated for the period from the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of ~~*[earnings and]*~~ ***any*** benefits Mr. Vega will receive from other employment during that time. Mr. Vega has the burden of proving these damages by a preponderance of the evidence.

~~[If you find that [plaintiff] is entitled to recovery of future earnings from [defendant], then you must reduce any award by the amount of the expenses that [plaintiff] would have incurred in making those earnings.]~~

You must also reduce any award ***of front pay*** to its present value by considering the interest that Mr. Vega could earn on the amount of the award if he made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of ***benefits*** is more valuable to Mr. Vega if he receives it today than if it were received at the time in the future when it would have been earned. It is more valuable because Mr. Vega can earn interest on it for the period of time between the date of the award and the date he would have earned the ***benefits***. So you should decrease the amount of any award for loss of future ***benefits*** by the amount of interest that Mr. Vega can earn on that amount in the future.

Authority: Third Circuit Model Civil Jury Instruction 8.4.4 (modified).

# PLAINTIFF'S PROPOSED JURY INSTRUCTION #14
Non-Economic Damages

*Under State law,* you may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Mr. Vega experienced as a consequence of the City's termination of his employment. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

Authority: (Segment of) Third Circuit Model Civil Jury Instruction 5.4.1 (modified),

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS VEGA** | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | **NO. 19-4039** |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Robert A. Davitch, hereby certify that *Plaintiff's Proposed Jury Instructions* has been served via electronic service of the Court, and is available for viewing and downloading on the Court's ECF system.

 

*/s/ Samantha F. Green*
SAMANTHA F. GREEN
Attorney for Plaintiff Carlos Vega

Date:  November 14, 2022