IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS VEGA | : | |
| | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 2:19-cv-04039 |
| | : | |
| CITY OF PHILADELPHIA | : | |
| | : | |
| Defendant. | : | |
| | : | |

**<u>DEFENDANT'S AMENDED PROPOSED JURY INSTRUCTIONS</u>**

Defendant the City of Philadelphia submits these amended proposed jury instructions with explanatory footnotes containing citations to legal authority. The City makes the following proposed amendments in an effort to reconcile certain of the City's proposed instructions with the Plaintiff's proposed instructions, where possible. The amendments are as follows:

- Amending City's proposed instruction no. 1 in part to address Plaintiff's proposed changes in Plaintiff's proposed instruction nos. 2 and 4;

- Amending City's proposed instruction no. 2 for the limited purpose of clarifying that the instruction covers Plaintiff's state and federal claims;

- Amending City's proposed instruction no. 3 to incorporate Plaintiff's modifications to Model Instruction 8.4.2; and

- Amending City's proposed instruction no. 5 to incorporate Plaintiff's modifications to Model Instruction 8.4.4.

The City respectfully reserves its right to supplement and modify the proposed instructions based upon the evidence introduced at trial.

**Proposed Jury Instruction No. 1**
**8.0 ADEA/*PHRA* Introductory Instruction**

In this case the Plaintiff, **Carlos Vega,** has made a claim under the Federal *and Pennsylvania* Civil Rights statute*s* that prohibit~~s~~ age discrimination against an employee if that person is 40 years of age or older. *The Federal* ~~This~~ statute is known as the Age Discrimination in Employment Act or "ADEA." *The Pennsylvania statute known as the Pennsylvania Human Rights Act or "PHRA." The ADEA and the PHRA are evaluated under same legal standard.*

*Under Pennsylvania law an employer may terminate an employee for any reason or no reason unless the plaintiff proves the termination violated the law.*

~~Specifically,~~ Mr. Vega claims that he was terminated from employment with the City of Philadelphia District Attorney's Office because of his age.

The City of Philadelphia denies that Mr. Vega was discriminated against because of his age.

I will now instruct you more fully on the issues you must address in this case.

**Authority:** Third Circuit Model Jury Instruction 8.0 (2019); *see Comment to Third Circuit Model Jury Instruction no. 8.1.5 (citing Daniels v. Sch. Dist. of Philadelphia, 776 F.3d 181, 192 (3d Cir. 2015) (addressing retaliation claims under Title VII, the ADEA, and the Pennsylvania Human Rights Act "together[,] as the circumstances of this case do not require that we make differing analyses")); Pennsylvania Suggested Standard Jury Instructions*, *Fifth Edition, Vol I., no. 21.00 (2020)*.

**Proposed Jury Instruction No. 2**
**8.1.1 Elements of an ADEA/*PHRA* Claim— Disparate Treatment**

In this case Mr. Vega is alleging that the City of Philadelphia terminated his employment because of his age. In order for Mr. Vega to recover on this discrimination claim against the City of Philadelphia, Mr. Vega must prove that the City of Philadelphia intentionally discriminated against Mr. Vega. This means that Mr. Vega must prove that his age was a determinative factor in the City of Philadelphia's decision to terminate Mr. Vega.

To prevail on this claim, Mr. Vega must prove both of the following by a preponderance of the evidence:

First: The City of Philadelphia terminated Mr. Vega; and

Second: Mr. Vega's age was a determinative factor in the City of Philadelphia's decision. Although Mr. Vega must prove that the City of Philadelphia acted with the intent to discriminate, Mr. Vega is not required to prove that the City of Philadelphia acted with the particular intent to violate Mr. Vega's federal *or state* civil rights. Moreover, Mr. Vega is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

You should weigh all the evidence received in the case in deciding whether the City of Philadelphia intentionally discriminated against Mr. Vega.

The City of Philadelphia has given a nondiscriminatory reason for its termination of Mr. Vega. If you believe the City of Philadelphia's stated reason and if you find that the termination would have occurred because of defendant's stated reason regardless of Mr. Vega's age, then you must find for the City of Philadelphia. If you disbelieve the City of Philadelphia's stated reason for its conduct, then you may, but need not, find that Mr. Vega has proved intentional discrimination. In determining whether the City of Philadelphia's stated reason for its actions

was a pretext, or excuse, for discrimination, you may not question the City of Philadelphia's business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of the City of Philadelphia or believe it is harsh or unreasonable. You are not to consider the City of Philadelphia's wisdom. However, you may consider whether Mr. Vega has proven that the City of Philadelphia's reason is merely a cover-up for discrimination.

**Concluding instruction:**

Ultimately, you must decide whether Mr. Vega has proven that his age was a determinative factor in the City of Philadelphia's decision to terminate Mr. Vega. "Determinative factor" means that if not for the plaintiff's age, the termination would not have occurred.

In deciding whether age was a determinative factor, you must be careful to distinguish age from other factors that are not dependent on age. For example, if the City of Philadelphia's action was based on Mr. Vega's seniority, this is not an age-dependent decision. A person's seniority is based on time with the employer, and this is not the same factor as the person's age. Thus, an employer does not violate the ADEA just by interfering with an older employee's benefits that would have vested by virtue of the employee's years of service.

**Authority:** Third Circuit Model Jury Instruction 8.1 (2019) (Unmodified).

**Proposed Jury Instruction No. 3**
**8.4.2 ADEA/*PHRA* Damages — Back Pay**

If you find that the City of Philadelphia intentionally discriminated against Mr. Vega in terminating Mr. Vega, then you must determine the amount of damages that the City of Philadelphia's actions have caused Mr. Vega. Mr. Vega has the burden of proving damages by a preponderance of the evidence.

You must award as actual damages an amount that reasonably compensates Mr. Vega for *(1)* any ***back pay or*** lost wages *from January 2018 through November 21, 2021, (2)* and ***any back pay for loss of the value of*** benefits *under the City's retirement program,* taking into consideration any increases in salary and benefits, including pension, that Mr. Vega would have received from the City of Philadelphia had Mr. Vega not been the subject of the City of Philadelphia's intentional discrimination.

Back pay damages, if any, apply from the time Mr. Vega was terminated ***until his planned retirement date of November 21, 2021.***

You must reduce any award by the amount of the expenses that Mr. Vega would have incurred in making those earnings.

If you award back pay, you are instructed to deduct from the back pay figure whatever wages Mr. Vega has obtained from other employment during this period. ~~However, please note that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of back pay.~~

You are further instructed that Mr. Vega has a duty to mitigate his damages—that is Mr. Vega is required to make reasonable efforts under the circumstances to reduce his damages. It is the City of Philadelphia's burden to prove that Mr. Vega has failed to mitigate. So if the City of Philadelphia persuades you, by a preponderance of the evidence, that Mr. Vega failed to obtain

substantially equivalent job opportunities that were reasonably available to him, you must reduce the award of damages by the amount of the wages that Mr. Vega reasonably would have earned if he had obtained those opportunities.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

**Authority:** Third Circuit Model Jury Instruction 8.4.2 (2019) (Unmodified).

**Proposed Jury Instruction No. 4**
**8.4.3 ADEA Damages — Liquidated Damages**

If you find that Mr. Vega is entitled to recover damages for lost wages or benefits, then I will also ask you to decide a further question: whether the City of Philadelphia's conduct was willful. For purposes of your answer to that question, Mr. Vega has the burden of proving willfulness by a preponderance of the evidence.

You must find the City of Philadelphia's violation of the ADEA to be willful if the City of Philadelphia knew or showed reckless disregard for whether the termination was prohibited by the law. To establish willfulness it is not enough to show that the City of Philadelphia acted negligently. If you find that the City of Philadelphia did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, then the City of Philadelphia's conduct was not willful.

**Authority:** Third Circuit Model Jury Instruction 8.4.3 (2019) (Unmodified).

**Proposed Jury Instruction No. 5**
**8.4.4 ADEA Damages — Front Pay**

You may determine and award separately a monetary amount equal to the present value of any future ***health insurance*** benefits that Mr. Vega would reasonably have earned from the City of Philadelphia had Mr. Vega not been terminated for the period from the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of ***any*** benefits Mr. Vega will receive from other employment during that time. Mr. Vega has the burden of proving these damages by a preponderance of the evidence.

~~If you find that Mr. Vega is entitled to recovery of future earnings from the City of Philadelphia, then you must reduce any award by the amount of the expenses that Mr. Vega would have incurred in making those earnings.~~

You must also reduce any award ***of front pay*** to its present value by considering the interest that Mr. Vega could earn on the amount of the award if he made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of ***benefits*** ~~earnings~~ is more valuable to Mr. Vega if he receives it today than if it were received at the time in the future when it would have been earned. It is more valuable because Mr. Vega can earn interest on it for the period of time between the date of the award and the date he would have earned the ***benefits.*** ~~money~~. So you should decrease the amount of any award for loss of future ***benefits*** ~~earnings~~ by the amount of interest that Mr. Vega can earn on that amount in the future.

**Authority:** Third Circuit Model Jury Instruction 8.4.4 (2019) (Unmodified).

**Proposed Jury Instruction No. 6**
**8.4.5 ADEA Damages — Nominal Damages**

If you return a verdict for Mr. Vega but Mr. Vega has failed to prove actual injury and therefore is not entitled to damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no compensable injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no compensable injury occurred.

However, if you find compensable injury, you must award damages for lost wages or benefits (as I instructed you), rather than nominal damages.

**Authority:** Third Circuit Model Jury Instruction 8.4.5 (2019) (Unmodified).

Respectfully submitted,

*/s/ Lisa Swiatek*
Lisa A. Swiatek, Esquire
City of Philadelphia Law Department
Labor and Employment Unit
1515 Arch Street, 16th Floor
Philadelphia, PA 19102

*/s/ David Smith*
David Smith, Esquire
Anne Kane, Esquire
Samantha Banks, Esquire
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 191013

*Counsel for City of Philadelphia*

Date:   November 15, 2022