IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS VEGA,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** | : | **No. 19-4039** |
| *Defendant* | : | |

## ORDER

**AND NOW**, this 6th day of September 2023, upon consideration of Mr. Vega's Motion to Vacate And/Or Amend Judgment Entered by Clerk for Taxation of Costs (Doc. No. 147) and the response and reply thereto, it is hereby **ORDERED** that the motion (Doc. No. 147) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Mr. Vega shall be responsible for the costs of transcripts of the Discovery Depositions of Michael Giampietro, Anthony Voci, Arun Prabahkaran and Rachel Mitchell totalling $3,560.25.

2. Mr. Vega shall be responsible for the cost of the transcript of the deposition of Mr. Krasner totalling $2,649.30.

3. Mr. Vega shall be responsible for the cost of the trial transcripts at the Ordinary Transcript rate of $3.65 per page, totalling $3,168.20.

4. The **JUDGMENT** entered by the Clerk in favor of Defendant City of Philadelphia and against Plaintiff Carlos Vega (Doc. No. 145) in the amount of $16,831.17 is **VACATED**.

5. An **AMENDED JUDGMENT** is entered in favor of Defendant City of Philadelphia and against Mr. Vega in the amount of **$14,474.97** for taxable costs.[1]

BY THE COURT:

*[signature]*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] Under Federal Rule of Evidence 54(d)(1), there is a "strong presumption that costs are to be awarded to the prevailing party." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000). Mr. Vega has not identified any compelling reason to depart from this presumption, except as it pertains to the costs of producing daily trial transcripts.

Mr. Vega asserts that the costs of producing transcripts of the discovery depositions of Mr. Giampietro, Mr. Voci, Mr. Prabahakran, and Ms. Mitchell should be stricken or reduced because these transcripts were not introduced at trial. But whether a particular transcript was ultimately used at trial is immaterial; what matters is whether the deposition "appeared 'reasonably necessary'" at the time it was taken. *In re Processed Egg Prod. Antitrust Litig.*, No. 08-MD-2002, 2022 WL 3030525, at *3 (E.D. Pa. July 29, 2022). That standard is met here. Mr. Vega also asserts that, because the parties consolidated depositions for four cases, his share of the costs should be reduced to 25%. But while that simple calculation would be convenient, it is much more difficult in practice to parse which portions of these depositions may fairly be attributed to Mr. Vega's case. The Court therefore will not disturb the Clerk's taxation of these costs.

Mr. Vega similarly argues that his responsibility of the cost for the transcript of Mr. Krasner's deposition should be reduced to 25%. Again, though, there is no way to calculate which portions of this transcript pertained to Mr. Vega specifically or which portions Mr. Krasner would have needed to review in order to prepare for trial on Mr. Vega's claims. The Court will not reduce these costs.

However, having *daily* trial transcripts was for Mr. Krasner's convenience and not an essential expense. At no time did Mr. Krasner demonstrate the necessity of having expedited daily trial transcripts, arguing only that the daily transcripts were "objectively effective and helped lead to a defense verdict" when shown to the jury. Because the daily trial transcripts were only "obtained for convenience of counsel," Mr. Vega will not be responsible for the additional cost of having *daily* trial transcripts. *See Herbst v. Gen. Accident Ins. Co.*, No. 97-CV-8085, 2000 WL 1185517, at *2 (E.D. Pa. Aug. 21, 2000).

At the same time, Mr. Vega has not shown that the trial transcripts were wholly unnecessary and thus does not overcome the "strong presumption" that their ordinary cost should not be awarded to Mr. Kranser. *In re Paoli*, 221 F.3d at 462. Therefore, Mr. Vega shall be responsible only for the transcript cost at the ordinary rate of $3.65 per page, leading to a total cost of $3,168.20 for 868 pages. Eastern District of Pennsylvania, Amended Transcript Fee Schedule, http://www.paed.uscourts.gov/documents/fees/amdtrnsfees.pdf.

2